Joe Hill et al., Plaintiffs-Appellees, v. The Village of Pawnee et al., Defendants—(Pawnee Apartments, Inc., Appellant.)

(No. 12365;

Fourth District—December 27, 1973.

Terry O. Helmich, of Springfield (Presney, Casper & Helmich, of counsel), for appellant.

Robert F. Scott & Associates, of Springfield (Robert F. Scott and Charles W. Williams, of counsel), for appellees.

Mr. PRESIDING JUSTICE CRAVEN delivered the opinion of the court:

This is an interlocutory appeal by defendants pursuant to Supreme Court Rule 307(a) (1). The defendants appeal from the issuance of a preliminary injunction without notice and without bond by the circuit court of Sangamon County prohibiting them from constructing an apart-

ment building adjacent to plaintiff's property, and from an order refusing to vacate the preliminary injunction.

■■ The single justiciable issue is whether the trial court properly granted plaintiffs' motion for a preliminary injunction. This is the only issue ripe for review notwithstanding the several issues averred by the respective parties. We so find because controverted facts or the merits of the case are not to be decided when ruling on the propriety of a trial court's granting injunctive relief (*Lonergan v. Crucible Steel Co. of America*, 37 Ill.2d 599, 229 N.E.2d 536), for it is the general rule that merits of the case are not brought before a reviewing court by an interlocutory appeal. *Schwalm Electronics, Inc. v. Electrical Products Corp.*, 14 Ill.App.3d 348, 302 N.E.2d 394.

The relevant facts are as follows: Plaintiffs filed a complaint for injunction requesting that the defendant Pawnee Apartments, Inc. halt the construction of an 8-unit apartment building on real estate adjacent to plaintiffs' property. The complaint alleged that the construction was in violation of section 4(a) of the Village of Pawnee Building and Zoning Ordinance. The complaint prayed for a "temporary injunction" to issue at once without notice and without bond; and that upon final hearing and determination, said temporary injunction be made permanent. The injunctive order was issued on July 11, 1973, without bond and without notice to defendants. A hearing on the complaint was set for July 18, 1973. On the day of the hearing defendants filed an answer to the complaint and moved to dissolve the "temporary injunction." On July 23, 1973, the trial court entered an order denying defendants' motion. On July 27, 1973, the defendant Pawnee Apartments, Inc. filed a notice of interlocutory appeal from the July 23rd order under Supreme Court Rule 307.

■■ A preliminary injunction (Ill. Rev. Stat. 1971, ch. 69, par. 3) or a temporary restraining order (Ill. Rev. Stat. 1971, ch. 69, par. 3—1) serve the purpose of preserving the status quo until the trial court can consider the case on its merits. (*Bohn Aluminum & Brass Co. v. Barker*, 55 Ill.2d 177, 303 N.E.2d 1.) These remedies are extraordinary in nature and should be granted only after serious consideration and due circumspection. However, the granting or denial of such relief rests in the sound discretion of the trial court. (*Mars, Inc. v. Curtiss Candy Co.*, 8 Ill.App. 3d 338, 290 N.E.2d 701.) Preliminary injunctions, or temporary restraining orders, without notice and without bond, to say the least, should issue only under the most grave circumstances. It is clear that such interlocutory relief falls within a class separate and apart from interlocutory relief with notice and bond.

Notice and the right to be heard, *i.e.,* procedural due process, is at the

bedrock of our system of jurisprudence. The 1967 amendments to chapter 69 evidence the legislature's concern with the problem of notice and the right to be heard. The 1967 amendment tightened up the notice requirement under paragraph 3 and added paragraph 3—1. These changes clearly narrow the discretion of the trial judge in issuing injunctions without notice to situations where it definitely appeared from facts set forth in the pleadings that immediate and irreparable injury would result if notice was required. The appellate courts of this state have generally leaned toward the requirement of notice of some form. In *Skarpinski v. Veterans of Foreign Wars*, 343 Ill.App. 271, 98 N.E.2d 858, the court was interpreting chapter 69, paragraph 3, as it existed prior to the 1967 amendment. The court stated:

> "Caution and circumspection must be the watchwords to guide the court's action and any doubts as to its wisdom must be resolved against the action. Only where these standards are meticulously observed will such orders survive review, for when an injunction is issued without notice in a case where notice should have been given, this court will reverse the order upon that ground without regard to any other question." 343 Ill.App. 271, 274.

The court went on to say that even a telephone call from the courtroom to defendant's counsel could produce an appearance within minutes which would satisfy the notice requirement preferred in this jurisdiction.

■■ The matter of bond accompanying a request for interlocutory relief is dealt with in Illinois Revised Statutes, 1971, chapter 69, paragraph 9. Paragraph 9 states in part:

> "In all other cases, the court or judge, in his or its discretion, may before issuing a restraining order or a preliminary injunction, require the applicant to give bond in such sum, upon such condition and with such security as may be deemed proper by the court or judge, for the payment of such costs and damages as may be incurred or suffered by any party who is found to have been wrongfully enjoined or restrained. * * *"

It is clear from this language that the requirement of bond for interlocutory relief is designed to protect defendants by underwriting their losses in the event the interlocutory injunction is dissolved and damages are assessed against the plaintiff. The courts should only issue preliminary injunctions, or temporary restraining orders, without bond with great caution. Therefore, even though the issuance of injunctions without bond rests largely in the discretion of the court, the record must show good cause for the exercise of that discretion.

Thus, we come full circle to the basic inquiry of this appeal: Did the trial court abuse its discretion, (1) in granting the preliminary injunction

without bond and without notice, and (2) refusing to dissolve the same? We find that there was an abuse of discretion.

In order to be entitled to interlocutory relief, the plaintiffs must establish by facts pleaded their likelihood of success at a full hearing on the merits. While the record reveals that the pleadings contained allegations to support the issuance of a preliminary injunction with notice and with bond, it does not support the issuance of the interlocutory relief sought without notice to defendant. Plaintiffs' complaint only states that they will "suffer immediate and irreparable injury" if the injunction is not granted. This bare allegation is merely a conclusion and does not meet the test of chapter 69, paragraph 3 or paragraph 3—1. Both these paragraphs require that interlocutory relief without notice or bond should not issue "unless it clearly appears, from *specific facts* shown by the verified complaint, or by affidavit accompanying the same, that immediate and irreparable injury, loss or damage, will result to the applicant before notice can be served in a hearing had thereon." (Emphasis added.) Upon a judicious search of plaintiffs' complaint, we are unable to find facts establishing immediate and irreparable injury other than the above quoted conclusion. Moreover, the plaintiffs' complaint fails to specify any reason why the trial court should have dispensed with the bond requirement.

■■ In light of the fact the preliminary injunction without notice or bond should not have been granted in the first place, we find that the trial court was in error when it refused to dissolve the same.

The order of the circuit court of Sangamon County is reversed and this cause remanded with directions to vacate the preliminary injunction issued without bond and without notice.

Order reversed and cause remanded.

TRAPP and SIMKINS, JJ., concur.