ILLINOIS STATE CHAMBER OF COMMERCE *et al.*, Plaintiffs-Appellees, *v.* FAIR EMPLOYMENT PRACTICES COMMISSION *et al.*, Defendants-Appellants.

(No. 12743; ▮▮▮▮▮▮▮▮▮▮

Fourth District—June 19, 1975.

William J. Scott, Attorney General, of Chicago (George H. Klumpner, Assistant Attorney General, of counsel), for appellants.

Lawrence M. Cohen, S. Richard Pincus, and Stuart H. Brody, all of Lederer, Fox & Grove, of Chicago, and Brown, Hay & Stephens, of Springfield (Edward J. Cunningham, of counsel), for appellees.

Mr. JUSTICE GREEN delivered the opinion of the court:

On July 17, 1974, a temporary restraining order was entered by the Circuit Court of Sangamon County in favor of plaintiff Sears, Roebuck & Co. restraining defendants Fair Employment Practices Commission, and Wallace Heil, James Kemp, Thomas McCracken, Eleanor P. Petersen, Susan Bezucha and Mel Jordan, its officers and members, from disclosing certain information filed with defendant Fair Employment Practices Commission as a condition of doing business with the State. A motion to dissolve the order was denied on July 24, 1974, and the parties agreed that the order remain in force until August 8, 1974. On July 26, 1974, defendant filed notice of appeal to this court from the order denying the motion to dissolve. On August 8, 1974, the trial court allowed a motion for a preliminary injunction prohibiting the disclosure of some of the same information pendente lite. An appeal was also subsequently taken to this court from that order. That case is being decided simultaneous with this case in *Sears, Roebuck & Co. v. Fair Employment Practices Commission*, 29 Ill.App.3d 276, 330 N.E.2d 874, filed this date. The temporary restraining order in question expired on August 8, 1974.

Since no possibility of a right to damages for the restrained parties arises here, the case is moot. See *Bohn Aluminum & Brass Co. v. Barker*, 55 Ill.2d 177, 303 N.E.2d 1.

Appeals involving moot questions are usually dismissed unless they involve a public question which is likely to recur and on which public officials need guidance (*People ex rel. Wallace v. Labrenz*, 411 Ill. 618, 104 N.E.2d 769). Here no additional guidance beyond that in our opinion in the companion case would be given by our deciding this case. We, therefore, dismiss this appeal as being moot.

Appeal dismissed.

SIMKINS, P. J., and CRAVEN, J., concur.