SEARS, ROEBUCK & COMPANY et al., Plaintiffs-Appellees, v. FAIR EMPLOYMENT PRACTICES COMMISSION et al., Defendants-Appellants.

(No. 12793;

Fourth District—June 19, 1975.

William J. Scott, Attorney General, of Chicago (George H. Klumpner, Assistant Attorney General, of counsel), for appellants.

Lawrence M. Cohen, S. Richard Pincus, and Stuart H. Brody, all of Lederer, Fox & Grove, of Chicago, and Brown, Hay & Stephens, of Springfield (Edward J. Cunningham, of counsel), for appellees.

Mr. JUSTICE GREEN delivered the opinion of the court:

On July 17, 1974, plaintiffs, Illinois State Chamber of Commerce and Sears, Roebuck & Co. (Sears) filed a complaint in the Circuit Court of Sangamon County seeking declaratory and injunctive relief. Accompanying the complaint was a motion for a temporary restraining order (t.r.o.). The named defendants were Illinois Fair Employment Practices Commission (F.E.P.C.); Wallace Heil, James Kemp, Thomas McCracken, Eleanor P. Petersen and Susan Bezucha, its members, and Mel Jordan, its executive director. Sears on its own behalf and the State Chamber of Commerce on behalf of its members situated similarly to Sears requested that defendants be enjoined from disclosing certain information given to defendant F.E.P.C. by Sears and other business firms, required by regulation as a condition of doing business with the State and that such disclosure be declared to be unlawful.

On that date a t.r.o. was entered. On July 24, 1974, a motion to dissolve that order was denied, and the parties agreed that the order would remain in force until August 8, 1974, at which time there would be a hearing on a request for a preliminary injunction. On July 26, 1974, defendants filed notice of appeal to this court from the interlocutory order denying the motion to dissolve. That matter is decided contemporaneously with this case by opinion filed this date in *Illinois State Chamber of Commerce v. Fair Employment Practices Commission*, 29 Ill.App.3d 275, 330 N.E.2d 873. On August 8, 1974, plaintiff Illinois State Chamber of Commerce was given leave, in the trial court, to withdraw, and after an evidentiary hearing, a preliminary injunction was ordered to issue

prohibiting defendants from disclosing some, but not all, of the information Sears requested remain confidential. After a denial of their motion to dissolve the preliminary injunction, defendants bring this appeal pursuant to Supreme Court Rule 307 (Ill. Rev. Stat. 1973, ch. 110A, par. 307).

■■ Defendants first contend that their filing on July 26, 1974, of notice of appeal from the denial of their motion to dissolve the t.r.o. divested the trial court of jurisdiction to order the preliminary injunction on August 8, 1974. The t.r.o. appealed from expired on that date, however, and could not be extended more than 10 days beyond its original term by court order without the consent of the party restrained (Ill. Rev. Stat. 1973, ch. 69, par. 3—1). The preliminary injunction thus implemented the t.r.o. as it covered a later period of time. In *American Federation of State, County & Municipal Employees v. Walker*, 27 Ill. App.3d 883, 327 N.E.2d 568, this court recently upheld the jurisdiction of the trial court to modify a preliminary injunction after notice of appeal from the order for that injunction had been filed where the modification implemented the appealed injunction. The situation here was different than in *Sunbeam Corp. v. Central Housekeeping Mart, Inc.*, 2 Ill.App.2d 543, 120 N.E.2d 362, cited by defendants, where it was held that the trial court was without jurisdiction, after appeal had been taken from its order for a permanent injunction to order a subsequent permanent injunction on identical pleadings. Since those injunctions were both permanent, they covered the same period of time. Under the circumstances of this case, the trial court had jurisdiction to enter the order for temporary injunction from which appeal is taken.

Defendants' second contention involves the sufficiency of the pleadings and evidence to support the relief granted. At all times in question, rule 4.4 of the F.E.P.C. provided that data required to be furnished by those contracting with the State would be "used only in connection with these Rules and Regulations." On June 13, 1974, rule 5.1 was amended partially by the addition of subparagraph (f) which provides that the information so required is "deemed privileged and confidential" with certain exceptions, two of which are important here.

■■ Documents entitled P.C. 1 forms have now become available at the Chicago office of the F.E.P.C. "upon reasonable notice." Documents entitled "Affirmative Action Plans" are to be disclosed to those requesting them only after notice to the entity filing the documents and an opportunity for it to file written objections. If such objections are filed, the F.E.P.C. must hold a hearing to determine if any of the information sought constitutes a trade secret. Disclosure of information found to be a trade secret is prohibited by the rule. Other information may be dis-

closed. An order entered at such a hearing is subject to judicial review under the Administrative Review Act (Ill. Rev. Stat. 1973, ch. 110, par. 264 *et seq.*) pursuant to section 10 of the Fair Employment Practices Act (Ill. Rev. Stat. 1973, ch. 48, par. 860).

Undisputedly Sears furnished information on P.C. 1 forms and an affirmative action plan prior to July 1, 1974. The complaint asked that defendants be enjoined from disclosing either document and the t.r.o. so provided. Upon appeal from that order, defendants moved this court for a stay of that order. Following our decision in *Alfred Engineering, Inc. v. Illinois Fair Employment Practices Commission,* 19 Ill.App.3d 592, 312 N.E.2d 61, we ruled that the administrative remedy was adequate for protection from improper disclosure of the affirmative action plan and stayed that portion of the order. We denied the request to stay the prohibition against disclosing the P.C. 1 forms. The preliminary injunction was entered after the ruling of this court on the motion for the stay, and the trial court enjoined only the disclosure of the P.C. 1 forms and certain portions of the affirmative action plans which were equivalent to the information required by Part II of the P.C. 1 forms. We are not certain what is meant by the latter portion of the order. In any event, defendants contend that the allegations and evidence are insufficient to show irreparable injury to Sears by disclosure merely of the P.C. 1 information. The uncontradicted evidence was that the information on P.C. 1 included a statement of the members of Sears' employees working in different geographical areas, the number working full time and part time and a separate listing as to the types of work performed. The witness Kuehn, a marketing and management consultant, testified that the information would be useful to Sears' competitors and its disclosure would thus damage its competitive position. In deciding whether the trial judge abused his discretion in granting a preliminary injunction we need determine whether there is a reasonable basis to conclude that absent relief plaintiffs would suffer irreparable harm and whether it is likely that plaintiffs will succeed when the controversy is heard on its merits. *Hill v. Village of Pawnee,* 16 Ill.App.3d 208, 305 N.E.2d 740.

■■ Prior to July 1, 1974, information was filed at a time when Sears was entitled to rely on the provisions of rule 4.4 that the information would be "used only in connection with these Rules and Regulations" which would imply that the information not be made available to competitors and the public generally. The evidence presented indicated that the unrestricted disclosure of the P.C. 1 forms was imminent and if unrestrained would damage Sears' competitive position. Since there would be no way for Sears to obtain compensation for this economic loss, its damages would be irreparable. The portion of the order enjoining, pen-

dente lite, the disclosure of this information was not an abuse of discretion.

■■ The preliminary injunction also prohibited disclosure of P.C. 1 forms filed after July 1, 1974. In this respect, the order for the preliminary injunction was in error. By that date Sears had notice of the disclosure that might be made. Thus, no breach of confidentiality is involved. No sufficient authorities have been advanced to support plaintiffs' argument that plaintiffs had a right to notice of the meeting at which F.E.P.C. adopted the rules for disclosure. No sufficient authority has been advanced to support the argument that the State cannot require the filing subject to general disclosure of P.C. 1 information as a condition of doing business with the State. Therefore, there is no foundation for the court to have believed that plaintiffs were likely to prevail as to this aspect of the relief sought.

Finally, the provision in the order for the preliminary injunction which enjoined the disclosure of portions of the affirmative action plan was improper. If this information is on the P.C. 1 form, reference to that form in the injunction is sufficient to protect it from disclosure. If the information is in the affirmative action plan only, Sears has an adequate administrative remedy before that information can be disclosed.

Accordingly the portion of the order for preliminary injunction enjoining disclosure by defendants of the P.C. 1 forms furnished to defendants by Sears prior to July 1, 1974, is affirmed, the portion which enjoins disclosure of P.C. 1 forms furnished after that date and other information furnished as part of an affirmative action plan at any time is reversed and the cause is remanded to the Circuit Court of Sangamon County with directions that the order for preliminary injunction and the preliminary injunction be amended accordingly.

Affirmed in part, reversed in part and remanded.

SIMKINS, P. J., and CRAVEN, J., concur.