EARLEAN LINDSEY, Plaintiff-Appellee, *v.* THE BOARD OF EDUCATION
OF THE CITY OF CHICAGO *et al.*, Defendants-Appellants.

First District (4th Division)   No. 84—1869

Opinion filed September 12, 1984.

Patricia Whitten, of the Board of Education of the City of Chicago, and C. Richard Johnson, Hugh R. McCombs, Jr., Steven R. Gilford, Denise L. Jarrard, and Janice S. Loughlin, all of Isham, Lincoln and Beale, both of Chicago, for appellants.

Patrick A. Lucansky, James P. Bartley, Terrence M. Barnicle, and Michael J. Duggan, all of Klein, Thorpe and Jenkins, Ltd., of Chicago, for appellee.

Richard M. Daley, State's Attorney, of Chicago (Jane Clark Casey and David S. Allen, Assistant State's Attorneys, of counsel), for intervenor-appellee People of the State of Illinois.

PRESIDING JUSTICE LINN delivered the opinion of the court:

Defendant *ad hoc* committee, created by and composed of members of defendant Board of Education of the city of Chicago (Board) for the purpose of negotiating an employment contract for the position of general superintendent of schools with Dr. Manford Byrd, called a special meeting on July 25, 1984, to effectuate its purpose. Public notice of this meeting was posted less than 24 hours prior to the meeting, in alleged contravention of the general notice provision of the Illinois Open Meetings Act (Ill. Rev. Stat. 1983, ch. 102, par. 42.02(a)).

Plaintiff, Earlean Lindsey, filed a complaint and emergency motion for injunction, asking the court to enjoin defendants from continuing the July 25 meeting and from future violations of the Act.

The trial court issued a preliminary injunction, enjoining the Board from "appointing anyone," and specifically Dr. Byrd, to the position of general superintendent pending a full hearing on the merits.

Defendants filed an interlocutory appeal, praying that the preliminary injunction be vacated.

We vacate the preliminary injunction.

FACTUAL AND PROCEDURAL BACKGROUND

On July 23, 1984, the Board voted not to reappoint Dr. Ruth Love as general superintendent of schools but rather to negotiate with Dr. Manford Byrd, Jr., to assume the position at the conclusion of Dr. Love's term in March 1985. The president of the board appointed a three-member *ad hoc* committee for the purpose of negotiating with Dr. Byrd the terms and conditions of the proposed contract.

On July 25, 1984, the chairman of the *ad hoc* committee called a special meeting to convene at 3:30 p.m. on that same afternoon. Public notice of this special meeting was not posted at the Board's office until the morning of July 25, the same day the meeting was to take place. The notice did not name Dr. Byrd as the offeree of the proposed contract but stated only that the agenda of the meeting was to consist of "discussion re Contractual Agreement/General Superintendency." Some four hours before the meeting was scheduled to begin, telephone notice was given to select community organizations and members of the news media.

When the meeting convened at 3:30 p.m., the committee voted to go into closed session to discuss "personnel matters." When it came out of closed session, it voted to reconvene the following day. Subsequent to the adjournment of that session, one of the committee members announced to the news media that the two members of the committee who had been present at the meeting were in substantial agreement with Dr. Byrd as to the terms of the proposed contract.

On July 26, while the reconvened committee meeting was in progress, plaintiff, Earlean Lindsey, filed a complaint and emergency motion for injunction, alleging that the July 25 meeting was held in violation of the Open Meetings Act (Act) (Ill. Rev. Stat. 1983, ch. 102, pars. 41 through 46) and asking, *inter alia*, that the circuit court enjoin the Board, the *ad hoc* committee, and the individual committee members from continuing the July 25 meeting and from continuing to violate the Act.

A hearing on plaintiff's complaint and motion for injunction was held before the Honorable Joseph Wosik on the afternoon of July 26. Instead of filing a verified answer, defendants filed a motion for summary judgment, asserting that the "volatile situation that was developing in the community," based on the belief that Dr. Byrd was not being considered as Dr. Love's successor, had given rise to an emer-

gency such as to trigger the emergency notice provision of the Open Meetings Act, which dispenses with the 24-hour notice requirement and requires only that notice be given "as soon as practicable." (Ill. Rev. Stat. 1983, ch. 102, par. 42.02(a).) Alleging the existence of an emergency and that the facts were undisputed, defendants moved for summary judgment in their favor.

At a hearing held on July 27, after allowing both parties an opportunity to be heard, the court found that the issue of whether an emergency had existed such as to dispense with the 24-hour notice requirement was a factual one, mandating a full hearing on the merits. So finding, the court denied defendants' motion for summary judgment. In response to plaintiff's complaint and motion, the court issued an order that provided in paragraph 5 the following preliminary injunction:

> "5. A preliminary injunction is issued against the Board of Education enjoining them from appointing anyone to the position of General Superintendent of Schools and specifically enjoining them from appointing Manford Byrd, Jr. until the Court has had a full hearing in this matter."

At the same hearing, the trial court granted the State's Attorney of Cook County leave to file its motion to join as plaintiff-intervenor, denied defendants' request to stay the order, and continued the matter for hearing to August 2, 1984.

On August 1, 1983, one day before hearing of the matter was set to continue, defendants filed a verified answer stating, *inter alia*, that on July 31, 1984, the president of the board announced that the *ad hoc* committee had been dissolved and that all future discussions of the general superintendency would be conducted by the Board as a whole at meetings noticed in accordance with the nonemergency procedures of the Open Meetings Act. In its answer, defendants admitted that public notice of the July 25 meeting was not given at least 24 hours before the meeting, but denied that the notice given was not otherwise in the manner and form required by the Act. Defendants neither admitted nor denied the allegation that the July 25 meeting of the *ad hoc* committee was held in violation of the Open Meetings Act.

The parties next appeared before Judge Wosik on August 2, 1984, at which time defendants sought leave to file a verified motion to dissolve paragraph 5 of the July 27 order and to file a motion for judgment on the pleadings. At this same hearing, Dr. Alice Blair petitioned the court for leave to intervene and moved for a temporary restraining order to issue against defendants, alleging that they had violated the Open Meetings Act and had denied her her right to apply

for the position of general superintendent, in violation of the Board's announced policy.

Finding that the parties had not been given adequate time to consider and respond to these various motions, the court did not hear argument on the merits. In its order entered August 2, 1984, the court granted the State's Attorney leave to intervene and granted Dr. Blair leave to file her petition for intervention. The court also granted defendants leave to file their motion to dissolve paragraph 5 of the July 27 order, their motion for judgment on the pleadings, and time to file any written objections they might have to Dr. Blair's intervention petition. The court further granted plaintiff until August 10 to respond to defendants' motions, left the July 27 order in full force and effect, and set the matter for a hearing on the merits on August 17, 1984.

On August 3, 1984, defendants, pursuant to Supreme Court Rule 307(a)(1)(73 Ill. 2d R. 307 (a)(1)), filed this interlocutory appeal.

Subsequent to the filing of the notice of appeal, on August 7, 1984, the Board filed an emergency motion to dissolve the preliminary injunction and a motion for entry of an agreed order. The agreed order suggested an agreement between the State's Attorney and the Board in which a judgment would be entered, stating that the *ad hoc* committee had been dissolved and that the Board would henceforth comply with the 24-hour notice requirement set forth in the Open Meetings Act. The trial court declined to hear either of these motions on the grounds that it lacked jurisdiction.

With this factual and procedural background before us, we consider defendants' interlocutory appeal.

OPINION

Supreme Court Rule 307(a)(1) provides for interlocutory appeals as of right from orders "granting, modifying, refusing, dissolving, or refusing to dissolve or modify an injunction." (73 Ill. 2d R. 307(a)(1).) The purpose of this rule is to permit interlocutory review of the trial court's exercise of its equitable discretion and to prevent the abuse of that discretion by assuring that the order issued was necessary to maintain the status quo and preserve the rights of the parties. (*Lake Shore Racquet Club, Inc. v. Fireman's Fund Insurance Cos.* (1980), 91 Ill. App. 3d 1118, 415 N.E.2d 625.) An appeal allowed under Rule 307 does not open the door to a general review of all orders entered by the trial court in the underlying case (*Panduit Corp. v. All States Plastic Manufacturing Co.* (1980), 84 Ill. App. 3d 1144, 405 N.E.2d 1316), nor does it divest the trial court of jurisdiction to hear and de-

termine matters in the pending litigation which arise independently of the interlocutory order at issue (*Home Savings & Loan Association v. Samuel T. Isaac & Associates, Inc.* (1981), 99 Ill. App. 3d 795, 425 N.E.2d 985). The effect of the filing of a notice of appeal is, however, to restrain the trial court from either changing or modifying the order as entered. *Home Savings & Loan Association v. Samuel T. Isaac & Associates, Inc.* (1981), 99 Ill. App. 3d 795, 425 N.E.2d 985.

■ Applying this law to the instant case, we note that because the July 27 order issued by Judge Wosik granted a preliminary injunction against defendants, it falls within the purview of Rule 307(a)(1), which provides for interlocutory appeals as of right. Accordingly, this appellate court has jurisdiction to review this matter. The jurisdiction of this court attached immediately upon defendants' filing of the notice of appeal on August 3, 1984. From that time on, the trial court was without jurisdiction to take any further action in regard to the interlocutory order granting injunctive relief. All proceedings instituted in the trial court subsequent to August 3 which had as their subject the preliminary injunction were therefore improperly brought. Judge Wosik's refusal to hear defendants' emergency motion to dissolve the preliminary injunction and motion for entry of an agreed order, both filed several days after the notice of appeal, was therefore proper.

■ Having thus determined our jurisdiction to hear this interlocutory appeal, we must determine the scope of our review. The only question before a reviewing court on interlocutory appeal is whether there was a sufficient showing made to the trial court to sustain its order granting or denying the relief sought. (*Kelso-Burnett Co. v. Zeus Development Corp.* (1982), 107 Ill. App. 3d 34, 437 N.E.2d 26.) As an appellate court, we look to the sufficiency of the evidence, not to determine controverted rights or to decide the merits of the case, but only for the limited purpose of ascertaining whether the trial court has abused its discretion in entering the interlocutory order. (*G.A. Carney, Ltd. v. Brzeczek* (1983), 117 Ill. App. 3d 478, 453 N.E.2d 756.) Thus, the merits of this case, namely, whether there has been a violation of the Open Meetings Act, are not before us. The sole issue on appeal is whether the trial court, in issuing the preliminary injunction contained in paragraph 5 in the order of July 27, abused its discretion. For the reasons that follow, our judgment is that in issuing the injunctive relief, as granted, the concerned trial court erred.

A preliminary injunction is an extraordinary remedy, to be granted with the utmost care only after plaintiff has established by a preponderance of evidence (1) the existence of a protectable right, (2)

irreparable harm should the injunction not be forthcoming, (3) no adequate remedy at law, and (4) a likelihood of success on the merits. (*G.A. Carney, Ltd. v. Brzeczek* (1983), 117 Ill. App. 3d 478, 453 N.E.2d 756.) In showing likelihood of success on the merits, the plaintiff is not required to make out a case which will in all events warrant relief at a final hearing; petitioner need only raise a fair question as to the existence of the right claimed. (*MBL (USA) Corp. v. Diekman* (1983), 112 Ill. App. 3d 229, 445 N.E.2d 418.) A preliminary injunction serves the purpose of preserving the status quo until the trial court can consider the case on its merits. (*Hill v. Village of Pawnee* (1973), 16 Ill. App. 3d 208, 305 N.E.2d 740.) The status quo is the last, actual, peaceable, uncontested status that preceded the pending controversy. *Hydroaire, Inc. v. Sager* (1981), 98 Ill. App. 3d 758, 424 N.E.2d 719.

At the time the trial court issued the July 27 order containing the preliminary injunction, it had before it plaintiff's verified complaint, a copy of the notice posted at the Board's office on July 25, defendants' motion for summary judgment, and plaintiff's response to defendants' motion.

In addition to the pleadings and documents considered by the trial court in determining whether to issue the preliminary injunction, a hearing was held on July 27, 1984. The record clearly shows that at this hearing both parties had an opportunity to and did present argument regarding the issuance of the preliminary injunction as well as defendants' motion for summary judgment. Nevertheless, the Board objects that the injunction was issued without an evidentiary hearing and that a preliminary injunction cannot be entered without reaching the merits when an answer has been filed.

■ In response to the Board's contention, we note that a trial court is given wide discretion with respect to the kind and extent of hearing on a motion for preliminary injunction. (*MBL (USA) Corp. v. Diekman* (1983), 112 Ill. App. 3d 229, 445 N.E.2d 418.) We note that while an evidentiary hearing on an application for a preliminary injunction is generally required where a verified answer has been filed denying material allegations in the complaint (*Peoples Gas Light & Coke Co. v. City of Chicago* (1983), 117 Ill. App. 3d 353, 453 N.E.2d 740), here, defendants had filed no verified answer prior to the issuance of the preliminary injunction. What defendants had filed was a motion for summary judgment, clearly asserting that there were no genuine issues as to any material facts presented in plaintiff's complaint. A prior evidentiary hearing is required only where questions of material fact exist. (*Paddington Corp. v. Foremost Sales Promotions,*

*Inc.* (1973), 13 Ill. App. 3d 170, 300 N.E.2d 484.) Where, as here, the trial court has been presented not with a verified answer that denies material allegations in the complaint, but rather with a motion for summary judgment, explicitly claiming that no genuine issue of material fact exists, it is not manifestly erroneous for that court to hold some kind of hearing which is not evidentiary in nature.

■ Moreover, while the trial court did find that a factual issue existed, namely, whether an emergency had triggered the emergency notice provision of the Open Meeting Act such as to dispense with the necessity of 24-hour notice, the court noted that that issue was not presented as a factual denial or even as a factual defense but rather as a conclusory sentence in defendants' summary judgment motion. Because this factual issue was at the core of the merits of the underlying dispute, the trial court set the matter for a full hearing on August 17, 1984, a specified date in the immediately foreseeable future. (*Jurco v. Stuart* (1982), 110 Ill. App. 3d 405, 442 N.E.2d 633.) Thus, in accordance with the prohibitions set forth in *Bullard v. Bullard* (1978), 66 Ill. App. 3d 132, 383 N.E.2d 684, a case relied on by defendants, the trial court did not grant the injunction for an indefinite period of time and refuse to hold hearings on the propriety of its actions. The trial court plainly set forth in its order of July 27 that the preliminary injunction would remain in place only "until the Court has had a full hearing in this matter." And, at the August 2 hearing, when defendants' verified answer was first presented to the court, the court set the matter for a full hearing to be held shortly thereafter. For these reasons, the trial court's failure to hold an evidentiary hearing prior to the issuance of the preliminary injunction or upon the filing of the verified answer was not manifestly erroneous.

In addition to the pleadings and motions the trial court had before it prior to ruling on plaintiff's complaint for injunctive relief, the court had before it the critical provisions of the Open Meetings Act (Ill. Rev. Stat. 1983, ch. 102, pars. 42 through 46), which provide in pertinent part as follows:

"Sec. 2.02(a). ***

(a) *** Public notice of any special meeting except a meeting held in the event of a bona fide emergency, or of any rescheduled regular meeting, or of any reconvened meeting, shall be given at least 24 hours before such meeting ***."

"Sec. 3. (a) Where the provisions of this Act are not complied with, or where there is probable cause to believe that the provisions of this Act will not be complied with, any person, including the State's Attorney of the county in which such noncompli-

ance may occur, may bring a civil action in the circuit court for the judicial circuit in which the alleged non-compliance has occurred or is about to occur \*\*\*

\* \* \*

(c) The court, having due regard for orderly administration and the public interest \*\*\* may grant such relief as it deems appropriate, including \*\*\* granting an injunction against future violations of this Act, ordering the public body to make available to the public such portion of the minutes of a meeting as is not authorized to be kept confidential under this Act, or declaring null and void any final action taken at a closed meeting in violation of this Act."

Considering these statutory provisions, the transcript of proceedings of the July 27 hearing, the pleadings, and the motions and responses to motions that the trial court had before it, we cannot find that the trial court's determination that plaintiff made a sufficient showing to warrant issuance of the relief sought was manifestly erroneous.

■■ ■ The relief sought was not, however, the relief granted. Thus, while there may have been a sufficient showing to sustain the order of the trial court granting the relief *sought,* where, as here, there is a discrepancy between the relief sought and the relief granted, this reviewing court must determine whether the relief *as granted* was a proper exercise of the trial court's discretionary power. (*Home Savings & Loan Association v. Samuel T. Isaac & Associates, Inc.* (1981), 99 Ill. App. 3d 795, 425 N.E.2d 985.) In this instance, we find that it was not.

Plaintiff, in her complaint for injunction, prayed as follows:

"1. That the Court may immediately enter an injunction order pursuant to Section 43 of Chapter 102 Illinois Revised Statutes, (or a preliminary injunction pursuant to 11—102 of the Code of Civil Procedure) commanding Defendants and each of them to Desist and Refrain from continuing the July 25th meeting of the Ad-Hoc Committee, and to cease and refrain from any future violations of the provision of the Open Meetings Act."

Plaintiff, in her emergency motion for injunction, moved for essentially the same relief. Despite this narrow prayer, the trial court, in paragraph 5 of its July 27 order, gratuitously enjoined the Board from "appointing anyone" to the position of general superintendent of schools and specifically enjoined the appointment of Dr. Byrd.

■ The issuance of a preliminary injunction is not proper where it tends to alter the status quo of the parties rather than preserve it.

(*Baal v. McDonald's Corp.* (1981), 97 Ill. App. 3d 495, 422 N.E.2d 1166.) Courts are to exercise caution in issuing preliminary injunctions, especially where defendants seek to exercise a lawful right. (*Knuppel v. Adams* (1973), 12 Ill. App. 3d 708, 298 N.E.2d 767.) Accordingly, the general rule is that injunctive relief will not be granted against public officials with respect to their official acts unless such acts are either outside their authority or unlawful. *Rocke v. County of Cook* (1978), 60 Ill. App. 3d 874, 377 N.E.2d 287.

In the case at bar, plaintiff prayed for the trial court to generally enjoin defendants from continuing to violate the Open Meetings Act and to specifically enjoin them from continuing the July 25 meeting. Such relief would have been duly authorized under section 3(c) of the Open Meetings Act, which empowers the court to grant injunctions against future violations thereof. (Ill. Rev. Stat. 1983, ch. 102, par. 43(c).) However, rather than issuing a narrowly drawn injunction conforming to the relief authorized by the Open Meetings Act and to the general law governing the issuance of injunctive relief against public officials, the trial court issued an overly broad order, enjoining the Board not from the continuance of unauthorized or unlawful acts but rather from the lawful exercise of its statutorily delegated power. (Ill. Rev. Stat. 1983, ch. 122, par. 34—6.) In so doing, the trial court unnecessarily and impermissibly altered the status quo.

Any prior violation of the Open Meetings Act by defendants cannot prevent the Board from calling a subsequent meeting, noticed in full compliance with the requirements of the Act, and there taking identical action. Should a superintendent be appointed at such a subsequent closed meeting, and should that meeting later prove to be violative of the Act, the court would then be authorized to exercise the power granted to it under section 3(c) and void such final action. (Ill. Rev. Stat. 1983, ch. 102, par. 43(c).) We find, however, that the broad prohibition set forth in the preliminary injunction far exceeds both the letter and the intent of the Open Meetings Act.

For all of the foregoing reasons, we find that the equitable relief granted against defendants in paragraph 5 of the July 27 order was overbroad and an unwarranted encroachment on the Board's lawful power of appointment. Accordingly, we vacate paragraph 5 of the July 27 order and return the matter to the trial court for such further proceedings as may be required.

Vacated and remanded.

JOHNSON and ROMITI, JJ., concur.