ALL SEASONS EXCAVATING COMPANY *et al.*, Plaintiffs and Counter-defendants-Appellees, v. EDWARD J. BLUTHARDT, Indiv. and d/b/a E.J. Bluthardt, *et al.*, Defendants and Counterplaintiffs-Appellants.

First District (6th Division)   No. 1—90—1823

Opinion filed April 20, 1992.

Steven Messner, of Wilmette, for appellants.

Ronald G. Zamarin, of Des Plaines, for appellees.

JUSTICE LaPORTA delivered the opinion of the court:
This case presents the second interlocutory appeal filed by
defendants in a chancery action brought by plaintiffs, who sought
an accounting, injunctive relief, and damages occasioned by the al-
leged misconduct of defendant, Edward Bluthardt, in relation to his
position with plaintiff All Seasons Excavating Co. In this appeal,
defendants challenge the trial court's refusal to dissolve an injunc-
tion originally entered on January 13, 1989. Defendants contend
that the trial judge abused her discretion by entering the injunction

because plaintiffs failed to establish irreparable harm or the inadequacy of a remedy at law.

The record reveals that on January 13, 1989, plaintiffs filed a six-count complaint against defendants, asserting that Edward Bluthardt was an employee of All Seasons Excavating Co. (All Seasons) and that Bluthardt had been employed to operate the business of All Seasons at the direction of plaintiffs William and Carl Roppolo.

Count I of the complaint alleged improper and fraudulent acts by defendants, including the failure to cease activities on behalf of the company. Count II sought an accounting of amounts collected and paid by or on behalf of defendant related to the business of All Seasons and requested judgment for amounts due plus interest. Count III sought compensatory and punitive damages for fraud and breach of duty for fraudulent concealment of work performed using company equipment and for conversion of company funds. Count IV sought compensatory and punitive damages for conversion. Count V sought damages plus interest for Bluthardt's alleged breach of a promise to repay loans totalling $12,006.66.

Count VI of the complaint, to which this appeal relates, sought to enjoin defendants from transferring or encumbering two parcels of real property owned by defendants and located in Prospect Heights, Illinois, and in Michigan, respectively. Count VI also sought damages for fraudulent inducement and breach of an oral agreement, alleging that in July 1987, defendants enlisted William Roppolo to co-sign a $70,000 promissory note pursuant to a mortgage on defendants' residence in Prospect Heights, Illinois. Count VI alleged further that Roppolo was induced to co-sign the note by defendants' representation that the loan was needed only until they sold their Michigan property and that the proceeds of that sale would be used to repay the $70,000 note. Count VI also asserted that defendants failed to sell the Michigan property and to keep the note co-signed by Roppolo in good standing and that the note was in default.

On January 13, 1989, the trial court granted plaintiffs' emergency motion for an *ex parte* temporary restraining order prohibiting transfer or encumbrance of both parcels of real property.

On January 17, 1989, defendants filed a counterclaim against plaintiffs. In summary, the counterclaim asserted that in September 1986, Carl Roppolo, William Roppolo, and Edward Bluthardt entered into a verbal agreement to form a partnership for a land excavation business and that each partner was to have a one-third in-

terest. The counterclaim alleged further that without Bluthardt's knowledge or consent, Carl and William Roppolo incorporated the excavating business, assigning to themselves each a 50% share in an attempt to deprive Bluthardt of his interest in the business. The counterclaim sought a declaration of partnership, an accounting from plaintiffs, an assignment to Bluthardt of a beneficial interest in one-third of the business and its assets, compensatory and punitive damages, and payment of a sum of money or property equal to Bluthardt's share of the partnership assets. The counterclaim also sought injunctive relief to restrain plaintiffs from taking any action with regard to the business property, to prevent its sale or transfer without court supervision, and generally to maintain the status quo while this action was pending.

On January 17, 1989, the trial court granted defendants' motion and entered an *ex parte* temporary restraining order against plaintiffs, precluding them from selling, disposing of, or assigning the assets and equipment of All Seasons.

On March 14, 1989, defendants were ordered to return to plaintiffs $8,300 transferred in January 1989 from a company bank account to defendants' personal bank account.

In April 1989, the trial court modified its order of January 13, 1989, and permitted defendants to pledge the Illinois property as security for another loan in the amount of $15,000, on the condition that the proceeds of the loan be used to repay funds which defendants had diverted from the corporate plaintiff subsequent to and in violation of the January 13, 1989, order. The court ordered further that after the diverted funds had been repaid to plaintiffs, the remaining proceeds of the loan be held in escrow by defendants' counsel.

In July 1989, defendants, without the knowledge of the trial court or the plaintiffs, sold the Michigan property, in violation of the order entered January 13, 1989. This matter is the subject of a rule to show cause before the trial court.

On October 30, 1989, defendants filed a motion to dissolve the injunctive orders entered in April 1989. Upon the denial of that motion and of a motion for reconsideration, defendants filed the first interlocutory appeal before this court. That appeal challenged the propriety of the trial court's order that defendants' counsel hold in escrow the amount remaining from the proceeds of the second loan after defendants repaid the funds diverted from All Seasons' business account.

On July 5, 1991, this court affirmed the trial court's decision, holding that the injunctions were properly issued because the real property securing both loans was part of the subject matter of the litigation and that the court acted properly in enjoining the defendants' activity with respect to this realty in order to maintain the status quo of the property. See *All Seasons Excavating Co. v. Bluthardt* (1991), 216 Ill. App. 3d 504, 576 N.E.2d 372.

On January 18, 1990, the same day on which the first interlocutory appeal was filed, defendants filed with the trial court a motion to dissolve the injunction entered January 13, 1989. This motion challenged the sufficiency of the proof presented by plaintiffs to support the issuance of the injunction.

On May 31, 1990, the trial court entered a memorandum opinion denying defendants' motion to dissolve the January 13, 1989, injunction, finding that it was necessary to preserve the funds ordered to be held in escrow in order to preserve the status quo. The memorandum opinion noted that "[a]t the last peaceable and uncontested moment these funds and property had not been distributed. In addition, a party seeking injunctive relief need not make out a case which would entitle him to relief on the merits. Rather, he need only show that he raises a fair question about the existence of his right and that the court should preserve the status quo until the case can be decided on its merits. [Citation.] In application *** plaintiff has raised such a question." Accordingly, the trial court denied the defendants' motion to dissolve the existing injunction.

Before a preliminary injunction may issue, the petitioner must establish (1) a clear right or interest needing protection, (2) the absence of an adequate remedy at law, (3) irreparable harm if the injunction is not granted, and (4) a reasonable likelihood of success on the merits. *Blackman Kallick Bartelstein v. Sorkin* (1991), 214 Ill. App. 3d 663, 669, 574 N.E.2d 121.

In establishing a likelihood of success on the merits, the plaintiff is not required to make out a case which will in all events warrant relief at a final hearing. The petitioner need only (a) raise a fair question as to the existence of the right claimed, (b) lead the court to believe that he probably will be entitled to the relief prayed for if the proof should sustain his allegations, and (c) make it appear advisable that the position of the parties should stay as they are until the court has had an opportunity to consider the case on the merits. (*Baal v. McDonald's Corp.* (1981), 97 Ill. App. 3d 495, 500, 422 N.E.2d 1166; *Wessel Co. v. Busa* (1975), 28 Ill. App. 3d 686, 690, 329 N.E.2d 414.) Thus, a preliminary injunction serves

the purpose of preserving the status quo until the trial court can consider the case on its merits. (*Lindsey v. Board of Education* (1984), 127 Ill. App. 3d 413, 419, 468 N.E.2d 1019.) The status quo is the last, actual, peaceable, uncontested status that preceded the pending controversy. *Lindsey*, 127 Ill. App. 3d at 419.

Defendants have filed this second interlocutory appeal, contending that the trial judge abused her discretion by entering the injunction because plaintiffs failed to establish irreparable harm or the inadequacy of a remedy at law. This argument is without merit.

■ In count VI of the complaint, plaintiffs alleged that defendants fraudulently induced William Roppolo to co-sign the $70,000 promissory note secured by a mortgage on defendants' residence in Prospect Heights, Illinois, based upon defendants' representation that the note was to be repaid from the proceeds of the sale of defendants' Michigan property. Count VI also asserted that defendants failed to sell the Michigan property and that the note co-signed by Roppolo was in default.

It is clear that defendants' failure to keep the $70,000 promissory note in good standing put Roppolo at risk of being responsible for the full amount of the note. The note was secured by the property in Prospect Heights, Illinois, and, according to the agreement between Roppolo and Bluthardt, was to be repaid from the proceeds of the sale of the Michigan property. Defendants did not, however, pay off the note out of the proceeds of the sale of the Michigan property, and the record contains a notice of default on the note. Although defendants have asserted that the Illinois property was valued at $140,000, there is no evidence in the record to substantiate this claim. If defendants permitted the mortgage on the Illinois property to go to foreclosure, Roppolo may have been subject to a deficiency judgment in order to satisfy the $70,000 note.

Thus, if the trial court had denied plaintiffs' request for injunctive relief, defendants would have been free to jeopardize Roppolo's position through their conduct with regard to these two parcels of property. Indeed, the record indicates that this is precisely what happened with regard to the Michigan property. Moreover, there is no evidence in the record that defendants held any other asset against which Roppolo could have proceeded, and defendants have filed an affidavit attesting to the fact that they are impecunious.

As noted above, the record contains a notice of default on the promissory note co-signed by Roppolo. Absent an injunction, defendants would have been free to systematically dispose of or en-

cumber all of their assets and, in effect, render themselves judgment-proof. A denial of plaintiffs' request for injunctive relief would, therefore, have irreparably harmed William Roppolo in that he would have been obligated for the full amount owed under the note without the ability to recover against defendants. (See *Kanter & Eisenberg v. Madison Associates* (1987), 116 Ill. 2d 506, 516, 508 N.E.2d 1053; *Exchange National Bank v. Harris* (1984), 126 Ill. App. 3d 382, 390, 466 N.E.2d 1079.) We find that the record supports the determination that Roppolo would suffer irreparable harm if the request for injunctive relief had been denied.

■ We must also reject defendants' claim that the trial court should have denied plaintiffs' request for injunctive relief because they failed to establish the inadequacy of a remedy at law. It has been held that the existence of a remedy at law does not deprive equity of its power to grant injunctive relief unless the remedy is adequate, *i.e.*, the remedy at law must be clear, complete, and as practical and efficient to the ends of justice and its prompt administration as the equitable remedy. (*K.F.K. Corp. v. American Continental Homes, Inc.* (1975), 31 Ill. App. 3d 1017, 1021, 335 N.E.2d 156.) Consequently, the fact that plaintiffs' ultimate relief may be a money judgment does not deprive a court of equity of the power to grant a preliminary injunction. *K.F.K. Corp.*, 31 Ill. App. 3d at 1021.

In the instant case, the defendants' Illinois property secured the promissory note, and the Michigan property was intended to generate the cash which would pay off the note. Thus, the dispute between the parties centered around the real property owned by defendants and the funds to be generated therefrom. The record establishes that a notice of default had been issued on the the promissory note and that defendants were impecunious. If plaintiffs' request for injunctive relief had been denied, a judgment against defendants would have been meaningless, and the legal remedy would have been entirely inadequate. (See *Kanter & Eisenberg*, 116 Ill. 2d at 514-15; *Exchange National Bank*, 126 Ill. App. 3d at 390-91; *K.F.K. Corp.*, 31 Ill. App. 3d at 1021; *Keeshin v. Schultz* (1970), 128 Ill. App. 2d 460, 469, 262 N.E.2d 753.) Consequently, the trial court had a duty to prevent dissipation or destruction of the property and funds in controversy so that any success by plaintiffs would not result in a meaningless victory. *Gannett Outdoor v. Baise* (1987), 163 Ill. App. 3d 717, 721, 516 N.E.2d 915; *D. Nelsen & Sons, Inc. v. General American Development Corp.* (1972),

6 Ill. App. 3d 6, 9, 284 N.E.2d 478; *Keeshin*, 128 Ill. App. 2d at 468-69.

■ The issuance of a preliminary injunction rests within the sound discretion of the trial court and will not be set aside absent an abuse of that discretion. (*Carriage Way Apartments v. Pojman* (1988), 172 Ill. App. 3d 827, 835, 527 N.E.2d 89.) Based upon the record before us, we find that the trial judge did not abuse her discretion in entering the injunction against defendants.

For the foregoing reasons, the order of the circuit court of Cook County is affirmed.

Affirmed.

McNAMARA and RAKOWSKI, JJ., concur.