(No. 62479.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v. WILLIE ROUNDTREE, Appellant.

*Opinion filed January 13, 1987.*

Julius Lucius Echeles, of Chicago, for appellant.

Neil F. Hartigan, Attorney General, of Springfield, and Richard M. Daley, State's Attorney, of Chicago (Mark L. Rotert, Assistant Attorney General, of Chicago, and Joan S. Cherry, Thomas V. Gainer, Jr., and Peter D. Fischer, Assistant State's Attorneys, of counsel), for the People.

JUSTICE SIMON delivered the opinion of the court:

The defendant, Willie Roundtree, and two codefendants were indicted for possession of cocaine with intent to deliver (Ill. Rev. Stat., 1982 Supp., ch. 56½, par.

1401(a)) and were jointly tried in a bench trial in the circuit court of Cook County. The circuit judge acquitted the codefendants but found Roundtree guilty. He was sentenced to nine years' imprisonment and fined the street value of the cocaine seized, $305,970. After imposing sentence, the circuit judge ordered the defendant's bond forfeited in partial payment of the fine. (Ill. Rev. Stat. 1981, ch. 38, par. 110—7(i), now Ill. Rev. Stat. 1985, ch. 38, par. 110—7(h).) Defense counsel objected, noting that the defendant had already executed a bond assignment to him in payment of his fee and that the judge had previously recognized the assignment. The judge refused to vacate the order.

The defendant then appealed, contending that the evidence that the cocaine belonged to him was introduced in violation of his rights under *Miranda v. Arizona* (1966), 384 U.S. 436, 16 L. Ed. 2d 694, 86 S. Ct. 1602. The defendant also attacked the fine imposed and the forfeiture of the bond. The appellate court, after reversing the conviction based on the *Miranda* violation, proceeded to discuss the other points raised; the court found that the fine was proper and that the bond assignment conveyed to defense counsel only the defendant's refund rights, which were subject to the fine. 135 Ill. App. 3d 1075.

The defendant filed a petition for leave to appeal in this court, raising only the question of whether the bond should go to defense counsel or to pay the fine, and we allowed the petition (94 Ill. 2d R. 315(a)). The State filed neither a petition for leave to appeal nor an answer to the defendant's petition; however, in its main brief the State not only defended the conclusion reached by the circuit and appellate courts with respect to the bond, but also argued that the appellate court erred in reversing the conviction. We now conclude that the defendant's petition for leave to appeal was improvidently granted

(*Wilkey v. Illinois Racing Board* (1983), 96 Ill. 2d 245; *People v. Robertson* (1968), 39 Ill. 2d 621), and the appeal must therefore be dismissed.

A case is moot when there is no present controversy between the litigants. (*Madison Park Bank v. Zagel* (1982), 91 Ill. 2d 231, 234-35.) Here the controversy over the bond dissolved when the appellate court reversed the defendant's conviction, automatically vacating the fine and thus eliminating the necessity for a bond forfeiture to satisfy it. The appellate court's statements concerning forfeiture of the bond to pay a fine which had been vacated were *dicta*. Indeed, after the appellate court filed its opinion in this case, it entered an order reinstating the defendant's bond and authorizing his release from custody on that bond. Since at this point there can be no question of the bond going to pay a fine, "[a]ny judgment we could render would be ' "wholly ineffectual for want of a subject matter on which it could operate." ' " (91 Ill. 2d 231, 235, quoting *La Salle National Bank v. City of Chicago* (1954), 31 Ill. 2d 375, 382.) That the defendant may yet be retried and again convicted and fined does not, as he suggests, signal any present controversy over the disposition of the bond. The defendant has no more claim to an advance ruling by this court on what may happen in the future than any other person who has been indicted but not yet convicted. The court declines to render an opinion which would have only advisory effect. (*In re Marriage of Wright* (1982), 89 Ill. 2d 498, 500.) To do so in this setting would be particularly inappropriate in view of the fact that we only recently addressed the question of the relative priority of a fine and an attorney's bond assignment in *People v. Dale* (1986), 112 Ill. 2d 460. In *Dale* we held that an attorney's interest in his client's bond is subject to the claim of the State for satisfaction of a fine.

The appeal is moot and must therefore be dismissed.

Inasmuch as the appeal was improvidently allowed, we have no occasion to consider the appellate court's action in overturning the conviction. When a petition for leave to appeal is properly allowed, the appellee may seek any relief warranted by the record without filing a separate petition. (87 Ill. 2d R. 318(a); *In re Greene* (1979), 76 Ill. 2d 204.) The State did raise the *Miranda* issue in its brief, and, had the petition itself been properly allowed, this would have been sufficient to bring the question before us. Because the appeal here was moot when allowed, however, there is no primary controversy before this court which can serve as a foundation for a request for cross-relief. Had the State so wished, it could have sought leave to appeal.

For the reasons stated, the appeal is dismissed.

*Appeal dismissed.*