*In re* MARRIAGE OF BRENDA S. HOLEM, Petitioner-Appellant, and
JAMES M. HOLEM, Respondent-Appellee.

Fifth District No. 5—86—0318

Opinion filed April 7, 1987.

Stanley A. Durka, of Lawrenceville, for appellant.

James M. Neal, of Roscoe D. Cunningham, Ltd., of Lawrenceville, for appellee.

JUSTICE HARRISON delivered the opinion of the court:

Petitioner, Brenda S. Holem, appeals from an order of the circuit court of Lawrence County purporting to dissolve a temporary restraining order (TRO) which she had obtained 10 days earlier. For the

reasons which follow, we find that the controversy between the parties regarding that order has become moot. The appeal shall therefore be dismissed.

On April 7, 1986, petitioner filed an action against respondent, James M. Holem, seeking dissolution of the parties' marriage. She also made an *ex parte* application for a temporary restraining order to prevent respondent from leaving the State; from striking, making any contact with, or interfering with the personal well-being of petitioner and the two minor children of the parties in her custody; from removing those children from the court's jurisdiction; or from "transferring, encumbering, concealing or otherwise disposing of any assets or property in which he or petitioner claim ownership or some equity." The TRO was granted by order of the court the same day. In that order, the court further specified that a hearing would be held on April 17, 1986, on a motion by petitioner for temporary custody of the children, an award of temporary child support and maintenance, an order requiring respondent to transfer property to petitioner as security for such an award, and "for authority to sell real estate to prevent waste."

No prior notice of the application for a TRO was supplied to respondent. On April 11, 1986, petitioner's attorney did send a copy of the petition for dissolution and of the TRO to respondent by certified mail, return receipt requested. The receipt, which bore respondent's signature, indicates that he received the copies on April 12, 1986. There is no dispute, however, that personal service of process pursuant to section 2—201 of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 2—201 *et seq.*), was not attempted at this time.

Thereafter, on April 17, 1986, a hearing was convened before the circuit court as scheduled. No verbatim transcript or bystander's report of that hearing has been furnished to us. The only indication of what transpired there is contained in the circuit court's record sheet and a written entry of appearance filed by respondent's attorney. From these documents, we understand that respondent's attorney entered his appearance at the hearing for the limited purpose of challenging the court's jurisdiction over his client. The argument made by respondent's attorney was that because respondent had not yet been served with process in the manner prescribed by section 2—201 of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 2—201 *et seq.*), the court had not yet acquired jurisdiction over him and was therefore precluded from extending the TRO or granting any further interim relief, including a preliminary injunction, to petitioner. The circuit court apparently agreed, for it thereupon issued the following

order: "Def. not having been served with summons, TRO is dissolved & cause continued for service." From this order petitioner now appeals.

Petitioner's appeal is before this court pursuant to Supreme Court Rule 307(a)(1) (87 Ill. 2d R. 307(a)(1)), which provides that "[a]n appeal may be taken to the Appellate Court from an interlocutory order *** granting, modifying, refusing, dissolving, or refusing to dissolve or modify an injunction." As a preliminary matter, we observe that while the order entered by the circuit court at the conclusion of the April 17 hearing purported to dissolve the TRO, the TRO would have expired on that date in any case. TROs issued in dissolution cases seeking the type of relief requested by petitioner are specifically authorized by section 501(a)(2) of the Illinois Marriage and Dissolution of Marriage Act (Ill. Rev. Stat. 1985, ch. 40, par. 501(a)(2)), but are subject to that portion of section 11—101 of our Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 11—101) which limits the duration of TROs issued without notice to 10 days unless, for good cause shown, the court grants an extension or unless the party against whom the order is directed consents to an extension (*In re Marriage of Pick* (1983), 119 Ill. App. 3d 1061,1067-69, 458 N.E.2d 33, 37-38). Here, respondent clearly did not consent to an extension, and there is no evidence that such an extension was even requested. Under these circumstances, the effect of the circuit court's order was not actually to dissolve the TRO, but rather to deny the motion made by petitioner for additional interim relief which the original April 7 order indicated would be taken up at the April 17 hearing. In any event, to the extent that petitioner's motion included what might be characterized as a request for preliminary injunctive relief, the circuit court's refusal to grant that motion is nevertheless a proper subject for interlocutory appeal pursuant to Supreme Court Rule 307(a)(1) (87 Ill. 2d R. 307(a)(1)). Respondent has advanced no argument to the contrary.

As grounds for her appeal, petitioner contends simply that service of summons pursuant to section 2—201 of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 2—201 *et seq.*) is not required either to extend a TRO or to obtain a preliminary injunction and that actual notice to the opposing party will suffice. Because such notice was provided here, petitioner contends that the trial court's order was erroneous as a matter of law and should be reversed. Respondent, for his part, denies that the trial court acted improperly, but asserts that we need not even consider the question because a subsequent order entered by the trial court on June 4, 1986, has rendered it moot. Since a finding of mootness would preclude further review, we must address

this matter first. See *In re Marriage of Grauer* (1985), 133 Ill. App. 3d 1019, 1022, 479 N.E.2d 982, 985.

■■ An issue is moot where no actual rights or interests of the parties remain or where events occur which render it impossible for the reviewing court to grant effectual relief to either party. (*People ex rel. Hartigan v. Illinois Commerce Com.* (1985), 131 Ill. App. 3d 376, 378, 475 N.E.2d 637; see also *Springfield Rare Coin Galleries, Inc. v. Johnson* (1986), 115 Ill. 2d 221, 230, 503 N.E.2d 300, 304.) Thus, questions arising from a trial court's order are moot when, because of developments following issuance of that order, reversal of the order can have no practical effect on the controversy. See *Rotary Club v. Harry F. Shea & Co.* (1983), 120 Ill. App. 3d 988, 994, 458 N.E.2d 1002, 1006.

In this case, the record indicates that after the trial court entered its order of April 17, petitioner made attempts to accomplish service of process on respondent. Her attempts were apparently unsuccessful, and on May 15, 1986, she filed her notice of interlocutory appeal from the April 17 order. A supplemental record submitted to us, however, further shows that on June 2, 1986, petitioner filed a second motion for interim relief. The second motion was supported by the same verified petition for dissolution as the first and requested essentially the same type of relief which the April 7 TRO indicated would be considered at the hearing on April 17, including an award to petitioner of temporary custody of the parties' children, temporary child support and maintenance, and authority to sell the parties' real estate. Omitted from the second motion was petitioner's earlier request for an order requiring respondent to transfer property to her as security for such temporary support and maintenance obligations as might be imposed on respondent. Added were prayers for an award of petitioner's temporary attorney fees and "for such further and different emergency relief as requested in [the petition for dissolution]."

A hearing on petitioner's second motion was held on June 4, 1986. As with the April 17 hearing, no verbatim transcript or bystander's report of that proceeding has been furnished to us. From the trial court's record sheet, however, it appears that both parties appeared with counsel, and no challenge was made to the sufficiency of service on respondent.

At the conclusion of the June 4 hearing, the trial court issued an order denying petitioner temporary maintenance, but granting her temporary custody of the children; awarding her temporary, sole, and exclusive possession of the family home; and requiring respondent to make mortgage payments on the home, to maintain insurance on the

home, to pay temporary child support to petitioner, and to keep in effect "the additional insurance now in force for the family's protection, including Life and Medical Expense Insurance provided by his Employer." A determination as to petitioner's entitlement to attorney fees was postponed until entry of final judgment in the cause, and the petition for dissolution was set for hearing.

■■ ■ That the circuit court retained jurisdiction to enter the June 4 order even after petitioner filed her notice of appeal is not in dispute. To be sure, the general rule is that once a notice of appeal is filed, the trial court is divested of jurisdiction to enter any further orders involving a matter of substance, and the jurisdiction of the appellate court attaches instanter. (*In re Marriage of Petramale* (1981), 102 Ill. App. 3d 1049, 1052, 430 N.E.2d 569, 572.) Moreover, once the jurisdiction of the appellate court has attached, jurisdiction may not be revested in the circuit court through the agreement or acquiescence of the parties. (See *Bank of Viola v. Nesterick* (1981), 94 Ill. App. 3d 511, 514, 418 N.E.2d 515, 519.) This case, however, involves an interlocutory appeal. The filing of a notice of an interlocutory appeal pursuant to Supreme Court Rule 307(a)(1) (87 Ill. 2d R. 307(a)(1)), while not opening a door to a general review of any order entered by the trial court in the underlying cause (*Lindsey v. Board of Education* (1984), 127 Ill. App. 3d 413, 417-18, 468 N.E.2d 1019, 1023), does not divest the trial court of all jurisdiction in the case (*Jefco Laboratories v. Carroo* (1985), 136 Ill. App. 3d 826, 828, 483 N.E.2d 1004, 1005). Rather, it merely serves to restrain the trial court from either changing or modifying the challenged interlocutory order as entered. (*Lindsey v. Board of Education* (1984), 127 Ill. App. 3d 413, 418, 468 N.E.2d 1019, 1023.) Here, the trial court's order of June 4 effected no such change or modification of its initial order of April 17, nor did it purport to do so. The June 4 order was, instead, the product of a separate and subsequent motion with respect to which the question of proper service (the basis for petitioner's interlocutory appeal) was not an issue.

Although the June 4 order resulted from a separate motion and was entered approximately a month and a half after the trial court's original order of April 17, we agree with respondent that it rendered unnecessary a decision as to the propriety of that original order. Petitioner resists this conclusion by arguing that the April 17 order denied her a temporary restraining order or preliminary injunction which would have continued to bar respondent from "transferring, encumbering, concealing or otherwise disposing of any assets or property in which he or the petitioner claim ownership or some equity," as

a result of which respondent was in fact able to so dispose of such assets and property "during the period from April 17, 1986 and until June 4, 1986 and thereafter." Petitioner argues that a justiciable issue therefore remains because if she were to prevail on this appeal by showing that the April 17 order was erroneous, she might be able to establish an equitable or other lien upon the assets or property disposed of by respondent after April 17.

Petitioner's argument cannot be sustained on the record before us. The burden was on petitioner, as the party claiming error, to furnish a record which presented all evidence pertinent to the issues on appeal and to sufficiently preserve for review all matters necessary for a disposition of the appeal. (See *Murphy v. Chestnut Mountain Lodge, Inc.* (1984), 124 Ill. App. 3d 508, 510, 464 N.E.2d 818, 820.) This she failed to do. Our review of the record here has disclosed that the only general bar against the transfer or disposition of property by respondent was contained in the TRO issued on April 7. As set forth above, that TRO would have expired on April 17 in any event, and there is nothing to indicate that an extension was ever requested. More importantly, there is no indication that respondent actually made any attempt to transfer or dispose of property after April 17 or, indeed, at any time. Petitioner's claims to the contrary are devoid of support in the material which has been submitted to us. Assertions of the evidence in an appellant's brief, as are contained here, cannot serve as a substitute for a report of the proceedings. 124 Ill. App. 3d 508, 510, 464 N.E.2d 818, 820.

The effect of the April 17 order, as we have previously noted, was not to dissolve the TRO, but simply to deny petitioner's request for various items of additional interim relief. Among these was a prayer for an order requiring respondent to transfer property to petitioner. By its terms, the sole purpose for such a transfer was to provide security for any award of temporary maintenance or child support which might be granted. Petitioner, however, was found not to be entitled to maintenance, and there is absolutely nothing to suggest that the absence of security had any effect at all on petitioner's ability to collect her temporary child support. Indeed, petitioner's subsequent motion of June 2 dropped the request for security, and no such security was ultimately granted. With respect to the other interim relief which petitioner argues should have been granted at the April 17 hearing, petitioner was given most of what she wanted in the June 4 order, and she has made no claim that any delay in the resolution of these matters caused her any prejudice of any kind.

■ Petitioner's final contention is that a decision by this court is

still necessary because if she prevails on appeal she can bring an action against respondent for damages arising from wrongful denial of her request for interim injunctive relief. Under the circumstances just discussed, petitioner would appear to have no damages. This aside, however, petitioner has suggested no authority under which such an action might be authorized. Section 11—110 of our Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 11—110) permits damage actions after dissolution of TROs or preliminary injunctions, but is addressed only to situations where the TRO or preliminary injunction has been wrongfully issued. It does not apply where, as here, injunctive relief has been denied.

For the foregoing reasons, we must conclude that reversal of the trial court's order of April 17 would have no practical effect on the parties or the controversy between them. The question of whether the trial court acted properly is therefore moot. Accordingly, any further comment on the merits of the circuit court's order of April 17 would be improper because such comment would have advisory effect only. (*Myre v. Board of Education* (1982), 108 Ill. App. 3d 440, 444, 439 N.E.2d 74, 77.) Our supreme court has repeatedly admonished that when an opinion on a question of law cannot affect the parties, a court should not resolve that question merely to establish a precedent or to govern future cases. (See *West Side Organization Health Services Corp. v. Thompson* (1980), 79 Ill. 2d 503, 507, 404 N.E.2d 208, 211; *People v. S.L.C.* (1986), 115 Ill. 2d 33, 39, 503 N.E.2d 228, 230.) The appeal must be dismissed. See *People v. Roundtree* (1987), 115 Ill. 2d 324, 327, 503 N.E.2d 773, 775.

Appeal dismissed.

JONES and WELCH, JJ., concur.