RICHARD N. HARRIS, Plaintiff-Appellant, v. THE EDUCATION OFFICERS ELECTORAL BOARD OF COMMUNITY CONSOLIDATED SCHOOL DISTRICT 110, Defendant-Appellee.

Fifth District   No. 5—89—0737

Opinion filed September 5, 1990.

Gary R. Harter, of Harter & Larson, of Belleville, for appellant.

Patrick M. Flynn and Mark G. Schrader, both of Jennings, Flynn & Guymon, of Belleville, for appellee.

JUSTICE WELCH delivered the opinion of the court:

Richard N. Harris brings this appeal seeking review of a judgment of the circuit court of St. Clair County, entered October 18, 1989, which affirmed, under the Administrative Review Law (Ill. Rev. Stat. 1989, ch. 110, par. 3—101 *et seq.*), the decision of the Education Officers Electoral Board of Community Consolidated School District 110 that the nominating petition of Norman Virden was sufficient to allow his name to be placed upon the official ballot for the election of members of the school board to be held November 7, 1989. Harris had filed a petition before the Education Officers Electoral Board of Community Consolidated School District 110 (hereinafter Board), objecting to the nominating petition for election to the Board of Education of Norman Virden.

The objector's petition alleged that Virden's nominating petition failed to comply with the law in the following respects: (1) the individual who notarized the petition did so under a conflict of interest in that she was, at the time she notarized the petition, the treasurer of the school district to whose Board Virden sought election, and her notary should

be disqualified; (2) the nominating petition failed to contain 50 signatures as required by law in that of the 57 signatures on the petition, seven were of persons not registered to vote in the school district and two appeared to have been executed by the same person, invalidating at least one of the signatures and leaving fewer than 50 valid signatures; and (3) the irregularities in the petition called into question the certification executed by Virden that the signatures on the petition were genuine and executed in his presence. Objector's petition prayed that the Board find that the nominating petition was not filed under the conditions required by law, that it contained an insufficient number of valid signatures, that Virden's certifications were improper and that the name of Norman Virden should not be placed upon the official ballot for election of members of the school board to be held November 7, 1989.

After hearing evidence and argument, the Board found that the objections to four of the signatures had been proven and struck those four signatures from the nominating petition, leaving 53 valid signatures. The Board found that the other objections of Harris had not been proved and, on September 12, 1989, ordered that the name of Norman Virden be placed upon the ballot as a candidate for member of the Board of Education at the election to be held November 7, 1989.

On September 18, 1989, Harris filed a complaint for administrative review before the circuit court of St. Clair County alleging that the decision of the Board was not in accordance with law and asking that it be reversed except to the extent it struck four signatures from the nominating petition. By order entered October 18, 1989, the circuit court of St. Clair County upheld the findings and decision of the Board, holding that they were not against the manifest weight of the evidence. Harris appeals.

On appeal, Harris argues that the trial court erred in failing to reverse the decision of the Board in that the Board's findings and decision were against the manifest weight of the evidence. Harris argues that Virden's entire nominating petition, and not just certain names, should have been stricken because the petition shows a pattern of false certifications in two or more instances in that Virden signed two or more certifications stating that the signatures on that page had been executed in his presence when in fact one or more of them had not. In his brief, filed March 12, 1990, Harris prays that the decision of the trial court be set aside, that the decision of the Board be reversed, that Virden's petition be stricken and that Norman Virden be "declared ineligible as a candidate for the November 7, 1989, election."

■■ ■ Although neither party has raised the question of whether this appeal is moot, we feel compelled to do so, for it is well established

that where a reviewing court has notice of facts which show that only a moot question is involved, that court will dismiss the appeal. (*G & J Parking Co. v. City of Chicago* (1988), 168 Ill. App. 3d 382, 386, 522 N.E.2d 774, 776.) A question is moot when no actual rights or interests of the parties remain or when events occur which render it impossible for the reviewing court to grant effective relief to either party. (*In re Marriage of Holem* (1987), 153 Ill. App. 3d 1095, 1098, 506 N.E.2d 739, 741.) Thus, questions arising from a trial court's order are moot when, because of developments following issuance of that order, reversal of the order can have no practical effect on the controversy. (*Holem*, 153 Ill. App. 3d at 1098, 506 N.E.2d at 741.) We think that is precisely the case here.

■ This cause comes before us almost eight months after the election for which Virden filed his nominating petition. Although it does not otherwise appear of record, both parties at oral argument before us indicated that Virden had, in fact, been elected to the school board. The only relief sought by Harris is that the nominating petition of Virden be stricken and that Virden be declared ineligible as a candidate for the November 7, 1989, election. However, such relief would have no actual effect on the outcome of this case as Virden has already taken office. Where a decision reached on the merits would render wholly ineffective relief to the prevailing party, the court, in effect, has rendered an advisory opinion. (*G & J Parking Co.*, 168 Ill. App. 3d at 386, 522 N.E.2d at 777.) The Illinois Supreme Court has repeatedly held that when an opinion on a question of law cannot affect the parties, a court should not issue what is essentially an advisory opinion merely to establish precedent or govern future cases. *Holem*, 153 Ill. App. 3d at 1101, 506 N.E.2d at 741.

■ For the foregoing reasons, we must conclude that reversal of the trial court's judgment would have no practical effect on the parties or the controversy between them. Although exceptions are sometimes made to the mootness doctrine where the magnitude or immediacy of the interests involved warrant action by the court (*G & J Parking Co.*, 168 Ill. App. 3d at 386, 522 N.E.2d at 777), we do not think this is such a case. The question of whether the trial court acted properly is therefore moot, and we are precluded from further review of the merits of this cause. *Holem*, 153 Ill. App. 3d at 1097, 506 N.E.2d at 741.

This appeal is dismissed.

Appeal dismissed.

LEWIS, P.J., and RARICK, J., concur.