*In re* L.L., A Minor (The People of the State of Illinois, Appellee, v. L.L., Appellant).

First District (1st Division) No. 1—89—0979

Opinion filed March 15, 1993.

Randolph N. Stone, Public Defender, of Chicago (Joseph M. Gump and Robert Guch, Assistant Public Defenders, of counsel), for appellant.

Jack O'Malley, State's Attorney, of Chicago (Renee Goldfarb, William D. Carroll, and Laura L. Morrison, Assistant State's Attorneys, of counsel), for the People.

PRESIDING JUSTICE MANNING delivered the opinion of the court:

This appeal is brought on behalf of L.L., a minor, pursuant to Supreme Court Rule 660(a) (134 Ill. 2d R. 660(a)), from an order entered

by the juvenile division of the circuit court of Cook County. The court refused to credit L.L. for time he spent in custody prior to his dispositional hearing on the issue of revocation of probation. The State contends that review of the issue is moot because L.L. completed his probation satisfactorily prior to this appeal. The office of the Appellate Defender has filed an *amicus curiae* brief in support of L.L.'s arguments on appeal.

We do not address L.L.'s contention on appeal because our review of the facts reveals that his claim is moot. The principal facts pertinent to our disposition follow.

On July 14, 1988, L.L. was placed on a year's probation following a finding of delinquency. Thereafter, on December 12, 1988, he was arrested and the State sought to revoke his probation when it filed a supplemental petition alleging that L.L. had committed the offense of robbery. L.L. was held in custody from December 14 to December 28, 1988.

On February 16 and 17, 1989, the court conducted an adjudicatory hearing and found L.L. delinquent on the ground that he violated his probation. On February 17, 1989, the court also ordered a social investigation report, entered an order of detention of L.L. and continued the case until March 9, 1989, at which time the dispositional hearing was to be held. L.L. remained in custody from the time of the adjudicatory hearing on February 17, 1989, until the time of the dispositional hearing on March 9, 1989.

During the dispositional hearing on March 9, 1989, the juvenile court terminated and revoked L.L.'s preexisting probation as "unsatisfactory" and ordered another year's probation with the first 14 days to be served in the juvenile detention center. The court denied counsel's request to credit L.L. for the time he served in custody pending the dispositional hearing. A motion to reconsider the disposition was heard and denied on March 20, 1989, and a timely notice of appeal was filed on April 17, 1989.

We do not reach the issue of whether or not L.L. was entitled to credit for the time he spent in custody prior to his dispositional hearing. L.L. completed his term of probation on March 8, 1990, three months prior to the perfection of this appeal and almost two years prior to the time this matter became "ready" for review.

We agree with the State's contention that L.L.'s claim is moot on the grounds that his term of probation was completed as "satisfactory" on March 8, 1990, and that the only remedy which could be applied to this case would be remandment for a new dispositional hearing. A question is moot when no actual rights or interests of the

parties remain or when events occur which render it impossible for the reviewing court to grant effective relief to either party. (*First National Bank v. Kusper* (1983), 98 Ill. 2d 226, 233, 456 N.E.2d 7; *Harris v. Education Officers Electoral Board of Community Consolidated School District 110* (1990), 203 Ill. App. 3d 917, 561 N.E.2d 204.) In *Harris*, the court determined that after the issuance of a court order where reversal can have no practical effect on the controversy, questions that arise relative to that order are moot.

In the present case, L.L. seeks to have the cause remanded to allow the trial court to amend the sentencing order to reflect that L.L. should have been credited for time served in custody prior to the dispositional hearing. However, such relief would have no actual effect on the outcome of L.L.'s case since he completed his term of probation as "satisfactory" on March 8, 1990.

Moreover, Illinois courts have held repeatedly that when an opinion on a question of law cannot affect the parties, a court should not issue what is essentially an advisory opinion merely to establish precedent or govern future cases. (*Harris*, 203 Ill. App. 3d 917, 561 N.E.2d 204, citing *In re Marriage of Holem* (1987), 153 Ill. App. 3d 1095, 506 N.E.2d 739.) Thus, since the only remedy which could be applied to this case would be remandment for a new dispositional hearing which in no way would affect the parties, in reliance on *Holem* and *Harris*, we dismiss this appeal as moot.

Appeal dismissed.

BUCKLEY and O'CONNOR, JJ., concur.