2018 IL App (3d) 170295

Opinion filed January 9, 2018

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2018

| | | |
|---|---|---|
| AMR ELSAMNY, | ) | Appeal from the Circuit Court |
| | ) | of the 10th Judicial Circuit, |
| Plaintiff-Appellant, | ) | Peoria County, Illinois. |
| | ) | |
| v. | ) | |
| | ) | |
| THE PEORIA COUNTY BOARD OF | ) | Appeal No. 3-17-0295 |
| ELECTION COMMISSIONERS; THOMAS | ) | Circuit No. 17-MR-205 |
| BRIDE, in His Official Capacity as Executive | ) | |
| Director; ROBERT HANAUER; SID | ) | |
| RUCKRIEGEL; JOHN KELLY; and | ) | Honorable |
| ZACHARY OYLER, | ) | James A. Mack, |
| | ) | Judge, Presiding. |
| Defendants-Appellees. | ) | |

JUSTICE McDADE delivered the judgment of the court, with opinion.
Justice O'Brien concurs in the judgment and opinion.
Justice Schmidt dissented, with opinion.

**OPINION**

¶ 1    Plaintiff, Amr Elsamny, argues that the circuit court erred in dismissing his complaint contesting the Peoria County city council primary election and requesting a preliminary injunction staying the general election. We dismiss the appeal as moot.

¶ 2                                    FACTS

¶ 3        A primary election for the Peoria city council was held on February 28, 2017. Six people were named on the ballot for two city council at-large seats, including plaintiff and defendants Robert Hanauer, Sid Ruckriegel, John Kelly, and Zachary Oyler. Defendant, the Peoria County board of election commissioners (Board), completed the canvass of the primary election on March 9, 2017. Based on the ballots cast, Hanauer, Ruckriegel, Kelly, and Oyler were nominated for the general election; plaintiff and one other were not. Hanauer received one more vote than plaintiff.

¶ 4        On March 15, 2017, plaintiff filed an untitled letter in the circuit court, declaring that he was contesting the results of the primary. On March 17, 2017, he filed a verified complaint contesting the election and requesting a preliminary injunction staying the general election. The complaint named only the Board and its executive director, Thomas Bride, as defendants. Plaintiff amended his complaint on March 20, 2017. Bride was the only party that had been served with notice, and he filed a motion to dismiss. The court granted the motion, without prejudice, for plaintiff's failure to name Hanauer as a party.

¶ 5        On March 30, 2017, plaintiff filed another amended complaint under the same case number, which named Hanauer, Ruckriegel, Kelly, and Oyler as defendants, along with the Board and Bride. Again, only Bride had been served. A hearing was held on March 31, 2017. Bride renewed the motion to dismiss. The court granted the motion with prejudice, noting that injunctive relief was only available to stay an election based on a limited exception, which was not applicable in plaintiff's case. The court further noted that the complaint was untimely under section 7-63 of the Election Code. 10 ILCS 5/7-63 (West 2016). The general election was held on April 4, 2017, and plaintiff filed his notice of appeal on May 1, 2017.

¶ 6                                   ANALYSIS

¶ 7          On appeal, plaintiff argues that the court erred in dismissing his complaint. We find that the appeal is moot as the general election has already taken place.

¶ 8          At the outset, we consider our jurisdiction to hear this appeal. As our supreme court has stated on several occasions, jurisdiction of a court of review "is restricted to cases which present an actual controversy." *Steinbrecher v. Steinbrecher*, 197 Ill. 2d 514, 523 (2001); see also *People v. Blaylock*, 202 Ill. 2d 319, 325 (2002). Stated another way, " 'The existence of a real controversy is a prerequisite to the exercise of our jurisdiction.' " (Emphasis omitted.) *In re J.B.*, 204 Ill. 2d 382, 390 (2003) (quoting *In re Adoption of Walgreen*, 186 Ill. 2d 362, 365 (1999)). Therefore, where an actual controversy does not exist (*i.e.*, where the issue is moot), we generally do not have jurisdiction to consider the appeal. See *In re Lance H.*, 2014 IL 114899, ¶ 12. This is so "[w]here intervening events have made it impossible for the reviewing court to grant effective relief to the complaining party." *Id.*; see also *Jackson v. Board of Election Commissioners*, 2012 IL 111928, ¶ 28.

> "Since the existence of a real controversy is an essential requisite to appellate jurisdiction, the general rule is that where a reviewing court has notice of facts which show that only moot questions or mere abstract propositions are involved, it will dismiss the appeal or writ of error even though such facts do not appear in the record." *La Salle National Bank v. City of Chicago*, 3 Ill. 2d 375, 379 (1954).

¶ 9          In *Bettis v. Marsaglia*, 2014 IL 117050, ¶ 12, a case whose procedural posture is similar to ours here, our supreme court was charged with answering the question of whether the circuit court erred in dismissing an election case for a lack of subject matter jurisdiction. Before doing so, however, the court considered whether they could hear the appeal or whether it was moot. *Id.*

3

¶ 8. The court determined that the case was moot, as the election had already taken place, but determined that it was not barred from hearing the appeal as one of the exceptions to the mootness doctrine applied. *Id.* ¶¶ 8-11.

¶ 10    Here, the general election took place on April 4, 2017. "It is well established under Illinois law that the conclusion of an election cycle normally moots an election contest." *Jackson*, 2012 IL 111928, ¶ 36. Plaintiff's complaint asked the court to stay an election that has already taken place. The council members elected have had their positions for over six months. Reversing the circuit court's judgment would have no practical effect on the parties. See *Harris v. Education Officers Electoral Board of Community Consolidated School District 110*, 203 Ill. App. 3d 917, 920 (1990). Therefore, we find the issue moot. In doing so, we note that plaintiff does not argue that any exceptions to the mootness doctrine apply. Instead, he solely states, "this Court has the power to order the City of Peoria to redo the General Election in Peoria for the at-large Peoria City Council spot only, which was the position that Appellant had run for." Plaintiff cites no law in support of this proposition. "[O]rdering new elections is an extreme remedy rarely ordered by the courts of Illinois." *Jackson*, 2012 IL 111928, ¶ 37. Plaintiff has not provided any legally valid reason "as to why this particular case should be exempt from [this] normal rule." *Id.*

¶ 11    Our result is bolstered by the fact that plaintiff did not even file his notice of appeal until May 1, 2017, almost a month after the general election was held on April 4, 2017. Plaintiff could have filed his notice of appeal immediately after his complaint was dismissed on March 31, 2017, thus appealing before the general election. Considering the immediate nature of such a challenge to a primary election, it was imperative that plaintiff act quickly. See *Lenehan v. Township Officers Electoral Board*, 2013 IL App (1st) 130619, ¶¶ 18-19.

4

¶ 12      In closing, we note that the dissent fails to cite any case law in which a court expressly held that it lacks jurisdiction to consider whether a case is moot. Moreover, the dissent ignores the several Illinois Supreme Court cases cited above (*supra* ¶ 8), which hold that a court lacks jurisdiction to hear moot issues. Finally, because both offerings in the instant case find a lack of jurisdiction, we believe the dissent actually constitutes a special concurrence (*infra* ¶ 17). Were we to find an applicable exception to the mootness doctrine, we would agree with Justice Schmidt's offering to the extent that plaintiff failed to meet the jurisdictional requirements of section 7-63 of the Election Code (10 ILCS 5/7-63 (West 2016)). See *infra* ¶ 18.

¶ 13                                    CONCLUSION

¶ 14      The appeal is dismissed as moot.

¶ 15      Appeal dismissed.

¶ 16      JUSTICE SCHMIDT, dissenting.

¶ 17      I suppose it is a toss-up as to whether to characterize this offering as a special concurrence or dissent. Because we have no jurisdiction to even address the mootness issue, I dissent from the majority's finding that the appeal should be dismissed as moot. For the reasons stated below, we should dismiss it for lack of jurisdiction.

¶ 18      Illinois courts may only exercise jurisdiction over election cases when authorized by statute. *Pullen v. Mulligan*, 138 Ill. 2d 21, 32 (1990). Section 7-63 of the Election Code (10 ILCS 5/7-63 (West 2016)) required that plaintiff's complaint be filed with the clerk of the circuit court within 10 days after the final canvass. The trial court correctly found that plaintiff's March 30, 2017, amended verified complaint failed to meet the jurisdictional requirements of section 7-63. The Peoria County Board of Election Commissioners completed its canvass of the primary election on March 9, 2017. As the majority points out, plaintiff filed a defective verified

5

complaint on March 17, 2017. Although titled as "Verified," plaintiff failed to provide a signed verification. There were other problems. On March 20, 2017, plaintiff filed an amended verified complaint. Once again, among other deficiencies, plaintiff failed to execute the verification. On March 29, 2017, the trial court dismissed plaintiff's amended verified complaint for failure to join necessary parties.

¶ 19    On March 30, 2017, plaintiff, without leave of court, filed a new amended verified complaint with no supporting affidavit. At a hearing on March 31, 2017, the trial court found that it was without jurisdiction and dismissed plaintiff's amended verified complaint with prejudice.

¶ 20    The trial court found that section 7-63 of the Election Code applied (10 ILCS 5/7-63 (West 2016)). Therefore, the trial court lacked jurisdiction and properly dismissed the amended verified complaint. Because the trial court lacked jurisdiction to address the merits of plaintiff's verified complaint, so do we. *Nelson v. Qualkinbush*, 389 Ill. App. 3d 79, 86-87 (2009).

¶ 21    Because we have no jurisdiction, we have no power to address whether or not the mootness doctrine applies. The majority mistakenly relies on *Bettis v. Marsaglia*, 2014 IL 117050, to support its mootness analysis. *Supra* ¶ 9. The majority finds that *Bettis* shared procedural posture with this case. It does not. For whatever reason, in *Bettis*, the supreme court addressed the mootness issue before addressing the jurisdictional issue. However, the supreme court found that it had jurisdiction. *Bettis*, 2014 IL 117050, ¶ 32. The majority finds it significant that the supreme court addressed mootness before jurisdiction. *Supra* ¶ 9. I do not. The author of the *Bettis* decision knew that the court had found jurisdiction before writing the opinion. For some reason, the author decided to address the mootness issue first with full knowledge that the court had jurisdiction. Had the supreme court found no jurisdiction, it would not have addressed the mootness issue (I hope).

6

¶ 22     The fact that we get to the same result (dismissal) does not change the fact that the majority opinion stands for the proposition that a court without jurisdiction can ponder whether or not to apply the mootness doctrine. It cannot; nothing in *Bettis* changes that. Therefore, rather than dismissing this appeal as moot, I would affirm the trial court and dismiss this appeal for lack of jurisdiction.