2023 IL App (1st) 221254-U

SIXTH DIVISION
September 22, 2023

No. 1-22-1254

**NOTICE**: This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| MARISOL CERON SILVA, as Special Administrator of the Estate of Maria Silva, deceased, | ) ) ) | Appeal from the Circuit Court of Cook County. |
| Plaintiff-Appellant, | ) ) | |
| v. | ) ) | No. 18 L 6143 |
| TOUHY AND CLARK LLC, | ) ) | Honorable James M. Varga, |
| Defendant-Appellee. | ) | Judge, presiding. |

_____

JUSTICE C.A. WALKER delivered the judgment of the court.
Justices Hyman and Tailor concurred in the judgment.

**ORDER**

¶ 1    *Held:*    We affirm the circuit court's dismissal of appellant's motion for a new trial because she failed to provide a sufficient record from which this court could determine whether the circuit court's alleged evidentiary error prejudiced her.

¶ 2    The plaintiff Marison Ceron Silva (Silva), in her capacity as Special Administrator of the Estate of Maria Silva, deceased (Maria), sued defendant Touhy and Clark LLC (Touhy) following Maria's death in a fire at her apartment building, which Touhy owned. A jury ruled for Touhy. Silva filed a motion for a new trial, arguing that the circuit court erred in excluding certain testimony pursuant to Touhy's objection under Illinois Supreme Court Rule 213(f)(1) (eff. Jan. 1, 2018), and the error prejudiced her. The court denied the motion, and we affirm.

¶ 3                                   BACKGROUND

¶ 4    On June 14, 2018, Silva filed a complaint against Touhy, alleging it owned and operated an apartment building on the 1700 block of West Touhy Avenue in Chicago. On June 5, 2018, Maria was living in an apartment in the building, and was at home when a fire occurred. Maria was "unable to escape safely" and "was forced to jump from her third floor apartment when she had no other way to escape heat and flames." Silva alleged, in part, that Touhy failed to provide, test, and/or maintain smoke detectors or heat sensing devices in the building, common stairwells or hallways, and violated the Illinois Smoke Detector Act (425 ILCS 60/3 (West 2016)). Silva further alleged those acts proximately caused Maria's death.

¶ 5    In Touhy's answer, it admitted that it owned, operated, and maintained the building at issue, but denied Silva's theories of negligence, or that its actions proximately caused injury to Maria.

¶ 6    During the discovery process, Maria's roommate Raul Ascencio Mejia (Mejia) gave a discovery deposition on February 10, 2019. During the deposition, neither attorney asked Mejia any questions regarding whether he had communications with the building owners or staff about smoke detectors.

¶ 7    On October 7, 2019, the circuit court granted Touhy's motion to file an amended answer and affirmative defense, which were filed *instanter* that day. Therein, Touhy alleged comparative

negligence, on the theories that Maria knowingly entered a burning building, jumped from the window of the building despite having a safe way to exit, and was otherwise careless or negligent.

¶ 8    Silva listed Mejia in her Rule 213 witness disclosures as a potential Rule 213(f)(1) lay fact witness. The disclosure states:

> "Mr. Mejia was an occupant of the building at issue in this case and present on the day of the occurrence. He will testify concerning liability, causation, and damages. He will testify to his relationship with Maria Silva and regarding all aspects of his knowledge of Maria Silva's relationships with family and friends, work history, educational history, physical activities, hobbies, health, life, and appearance prior to Maria Silva's death, including Maria Silva's actions on the day of the occurrence. He will testify to all of his observations and knowledge regarding the scene of the occurrence; his actions and the actions of other occupants of the building prior to, during, and after the occurrence; and will testify to all of his observations and knowledge regarding all aspects of the building itself prior to, during, and after the occurrence. He is expected to testify consistently with and as to all matters discussed in his discovery deposition."

¶ 9    Touhy also listed Mejia as a Rule 213(f)(1) witness. In its disclosure, Touhy stated:

> "Raul Mejia is a former tenant of the subject property. He is expected to testify as to the facts and circumstances surrounding the alleged incident. He is expected to testify as to his observations of the subject property and the fire, before, during and/or after the alleged accident and any conversations with individuals relating to the alleged accident. He is expected to testify consistently with the subject matter and opinions contained in his discovery deposition."

¶ 10    A jury trial took place in April 2022. The record on appeal does not contain any transcripts of trial testimony or any exhibits introduced at trial. The only portions of the trial in the record are excerpts of the opening statements and closing arguments, along with a short transcript of an offer of proof involving Mejia.

¶ 11    In defense counsel's opening statement, he claimed, "It is the responsibility of the tenant to notify the owner if there's a deficiency" with a smoke detector, but "[a]t no time ever will you hear anybody say we have a problem with the smoke detectors." He also stated that Maria's roommate Adela Beiza would testify that she "never made any complaints about smoke detectors to the owners of the building" because "everything was functioning fine." Counsel summarized this point regarding smoke detector complaints: "No notification, and [the tenants] had been in there for years."

¶ 12    The offer of proof transcript shows that Mejia testified at trial, and during that testimony, Silva's counsel asked him, "And what would you do when that common area or rear staircase batteries went out?" Defense counsel objected to the question, citing Rule 213. The trial judge held a sidebar in chambers. During the sidebar, defense counsel stated Silva never disclosed that Mejia would testify regarding conversations with building staff about smoke detectors. Silva's counsel countered that Mejia was an uncontrolled witness, defense counsel should not be surprised by Mejia's potential testimony on this issue, and defense counsel did not ask Mejia about this issue during his deposition. The trial judge responded, "The proponent [of the proffered testimony] has got to put it in the [deposition], okay? Don't say the other side didn't ask it." Defense counsel stated of the testimony, "It's not a surprise," but maintained, "That's not the issue." The issue, defense counsel claimed, was that Silva violated Rule 213 by failing to disclose this specific

potential area of Mejia's testimony, as her disclosure for Mejia contained only "boiler plate" language.

¶ 13    The trial judge sustained defense counsel's objection, but permitted an offer of proof. During the offer of proof, Mejia testified that while he was Maria's roommate, he would occasionally tell the building's janitor that the rear porch smoke detectors did not work. The janitor would respond that he would "inform his boss so [the smoke detectors] could get fixed."

¶ 14    During closing arguments, defense counsel argued that Beiza had in fact testified that she never complained about the smoke detectors because they were "functioning fine." He also claimed there was "[n]o evidence" that Maria notified the building's owners of any "deficiencies" with the smoke detectors.

¶ 15    During jury instructions, the circuit court instructed the jury on contributory negligence. The court also instructed the jury that "If you find for Touhy & Clark, LLC and against plaintiff, or if you find that plaintiff's contributory negligence was more than 50% of the total proximate cause of the injury or damage for which recovery is sought, then you should use Verdict Form B."

¶ 16    On April 26, 2022, the jury found for Touhy. The jury used Verdict Form B, which read, "We, the jury, find for Touhy & Clark, LLC and against the plaintiff."

¶ 17    On May 25, 2022, Silva filed a motion to vacate and set aside the jury verdict and order a new trial. Therein, Silva argued the circuit court erred by excluding Mejia's proposed testimony regarding his conversations with the janitor about the rear porch smoke detectors. She argued Mejia's proposed testimony did not surprise Touhy because the topic of smoke detectors and conversations with building owners and personnel had arisen in multiple discovery depositions, just not Mejia's. Moreover, Touhy also listed Mejia as a Rule 213(f)(1) witness, and disclosed he would testify about "any conversations with individuals relating to the alleged accident."

Additionally, Silva contended that because Mejia was an uncontrolled lay witness under Rule 213(f)(1), her disclosure requirements for him were less strict than for controlled witnesses, and her disclosures sufficiently put Touhy on notice that Mejia would testify regarding his conduct and the building's condition. Regarding prejudice, Silva contended Mejia's testimony would have countered a major theme of Touhy's case—the lack of evidence that Maria or other building tenants complained about the smoke detectors. Silva further argued that Mejia's testimony would have permitted her to demonstrate Touhy failed to repair or replace faulty smoke detectors despite Mejia's warnings.

¶ 18   Touhy responded to Silva's motion, arguing that, "Because the jury returned a general verdict, it must be presumed that the jury found for the defendant on every issue tried to verdict, including that the plaintiff caused her own injuries." Touhy also contended the circuit court did not abuse its discretion by sustaining the Rule 213 objection to Mejia's proposed testimony.

¶ 19   On July 20, 2022, the circuit court denied Silva's motion "in its entirety." During a hearing that same day, the court explained that it considered the "factors" used to examine whether excluding testimony is an appropriate sanction for a Rule 213 violation. The court also stated, "the general verdict is there *** there were some big holes of proximate cause." This appeal followed.

¶ 20                                JURISDICTION

¶ 21   The circuit court denied Silva's motion for a new trial on July 20, 2022, and she filed her notice of appeal on August 18, 2022. Accordingly, this court has jurisdiction pursuant to Illinois Supreme Court Rules 301 (eff. Feb. 1, 1994) and 303 (eff. July 1, 2017).

¶ 22                                  ANALYSIS

¶ 23   On appeal, Silva argues the circuit court erred by sustaining Touhy's Rule 213 objection to Mejia's proposed testimony. Touhy responds that Silva's claim fails because (1) she failed to

supply a sufficient record for this court to consider the claim, (2) the general verdict rule defeats the claim, and (3) the claim fails on the merits.

¶ 24    We first consider Touhy's argument that Silva failed to provide a sufficient record on appeal, as it is a threshold issue. An appellant must provide a sufficient record for review of their claims. *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391-92 (1984). "Any doubts which may arise from the incompleteness of the record will be resolved against the appellant." *Id.* at 392.

¶ 25    The circuit court here ruled that Mejia could not testify about alleged conversations with a janitor about smoke detectors because Silva failed to disclose the testimony. Under Rule 213(f)(1), "a party must furnish the identities and addresses of witnesses who will testify at trial," and must "identify the subjects on which the witness will testify." Ill. S. Ct. R. 213(f)(1) (eff. Jan. 1, 2018). Rule 213 requires strict compliance, and exclusion of witness testimony may be an appropriate sanction for nondisclosure. *Sullivan v. Edward Hospital*, 209 Il. 2d 100, 110 (2004). "The decision whether or not to impose sanctions lies within the sound discretion of the trial court, and that decision will not be reversed absent an abuse of discretion." *Id.*

¶ 26    For a reviewing court to grant relief due to an alleged evidentiary error by the circuit court, the appellant must not only demonstrate that the circuit court abused its discretion in making the evidentiary decision, but also that the improper evidentiary decision prejudiced the appellant. *Ramirez v. FCL Builders, Inc.*, 2014 IL App (1st) 123663, ¶ 198. Thus, here, to receive her requested relief of a new trial, Silva not only has to show that the circuit court should have admitted Mejia's testimony, but also that the absence of that testimony prejudiced her at trial. As mentioned above, Silva failed to provide any evidence in the record on appeal—transcripts of testimony or exhibits—with the exception of the testimony immediately preceding Mejia's offer of proof. Without the trial transcripts and exhibits, this court cannot weigh the impact Mejia's excluded

testimony could have had at trial, and thus cannot analyze prejudice. Accordingly, we cannot grant Silva the relief she seeks based on the record on appeal, and must affirm the circuit court's order denying her motion for a new trial. *Foutch*, 99 Ill. 2d at 392.

¶ 27    Silva contends the record is sufficient for our prejudice determination because she included transcripts of the offer of proof along with the opening statements and closing arguments, wherein defense counsel emphasized the absence of any evidence that tenants had complained about smoke detectors—a gap Mejia's testimony would have filled. This argument fails because we review whether an evidentiary error prejudiced an appellant based on the evidence introduced at trial, and it is axiomatic that opening statements and closing arguments are not evidence. See *Neuhengen v. Global Experience Specialists, Inc.*, 2018 IL App (1st) 160322, ¶ 157; Illinois Pattern Jury Instructions, Civil, Nos. 1.01(A)[14] and 1.01(C)[13] (May 2023). Here, the actual evidence is not in the record on appeal, and thus Silva cannot establish her claim.[1]

¶ 28    Finally, we note that while we may have a sufficient record to consider the propriety of the circuit court's Rule 213 determination, it would be improper to do so. As explained above, we cannot grant Silva relief even if we find the court abused its discretion, rendering any resolution of the Rule 213 issue akin to an impermissible advisory opinion. See *People v. Brown*, 236 Ill. 2d 175, 195 (2010); *In re L.L.*, 243 Ill. App. 3d 1010, 1012 (1993).

¶ 29                                    CONCLUSION

¶ 30    Silva failed to provide a sufficient record for review of her claim, and, accordingly, we must affirm the circuit court's denial of her posttrial motion.

---

[1] We note that Touhy argued the record was insufficient in its brief, but instead of moving to file the missing trial transcripts and exhibits as a supplemental record, Silva simply argued in its reply the record was sufficient.

¶ 31    Affirmed.