(No. 89082.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v. CAMERUN BLAYLOCK, Appellant.

*Opinion filed November 21, 2002.*

Richard J. Doyle and Mark A. Lehman, of Doyle & Associates, of Danville, for appellant.

James E. Ryan, Attorney General, of Springfield, and Larry S. Mills, State's Attorney, of Danville (Joel D. Bertocchi, Solicitor General, and William L. Browers and Lisa Anne Hoffman, Assistant Attorneys General, of Chicago, of counsel), for the People.

JUSTICE FITZGERALD delivered the opinion of the court:

This case presents us with a unique set of circumstances. The original issue raised before this court is whether the State could retry defendant for first degree murder where the trial exhibits from defendant's first trial, allegedly favorable to defendant, were lost by the circuit clerk of Vermilion County. After this issue was fully briefed by both parties, but before oral arguments, the missing box of trial exhibits was found in the clerk's office. We stayed proceedings and remanded the cause to the circuit court for a hearing on the status of the recently discovered evidence. The circuit court completed this hearing in February 2002. We allowed defendant's motion to file a supplemental brief concerning the issues raised and findings made on remand. We must now determine whether the original issue raised before this court is moot in light of the reappearance of the missing trial exhibits and whether this court should consider the new issue raised in defendant's supplementary brief.

## BACKGROUND

In 1993, defendant was indicted on five counts of first degree murder and six counts of home invasion in connection with the murder of Robin Jackson. The testimony at trial showed that defendant, Ranterris Landfair and Arnell Render drove to the victim's house. While Landfair waited in the car, Render and defendant kicked in the front door of the house and gained entrance. Once inside the house, Render stabbed the victim with a jagged knife two times and defendant shot the victim three

times. As the three men drove away from the house, defendant and Render undressed and threw the clothes and shoes they were wearing out of the car window. At trial, defendant argued that he could not be found guilty because the State's witnesses, Landfair and Render, were not believable. He pointed out that the jacket and shoes that were recovered by the police did not fit defendant but, instead, fit Landfair. Defendant's theory was that he was not at the scene of the crime. At the conclusion of the trial, the jury returned a guilty verdict as to the home invasion counts, but deadlocked on the first degree murder counts. Defendant was sentenced to 30 years' imprisonment in the Department of Corrections.

The trial court granted the State's motion to retry defendant on the murder counts. Defendant filed a motion to dismiss the murder charges arguing that retrial violated double jeopardy grounds. The trial court denied this motion and defendant appealed. The appellate court affirmed the trial court's ruling and remanded for retrial. *People v. Blaylock*, No. 4—95—0381 (December 26, 1997) (unpublished order under Supreme Court Rule 23). This court denied defendant's petition for leave to appeal. *People v. Blaylock*, 178 Ill. 2d 584 (1998) (leave to appeal denied).

In 1998, defendant learned that the clerk's office had lost the exhibits admitted into evidence at the previous trial. During the trial, the State had 59 exhibits admitted into evidence and defendant had 33 exhibits admitted into evidence. The items admitted into evidence included the clothing that defendant and Render had thrown out of the car after the commission of the crime, the gun, bullets and shoes that were discarded, a card written by Render to his girlfriend, and the shoes defendant wore at the time of his arrest. The only exhibits that could be located were the gun, bullets, and bullet casings.

After learning that the majority of the evidence used

during the first trial was lost, defendant filed a motion to dismiss the murder indictment, arguing that retrying him without the lost exhibits deprived him of due process of law.

Defendant argued that the trial exhibits were exculpatory. Specifically, he contended that the shoes and the jacket that were recovered by the police did not fit defendant but, rather, fit Landfair. Defendant argued that these exhibits were used to impeach the State's witnesses and show that defendant was not present at the crime scene. The trial court agreed, finding that the missing evidence was "critically important" to defendant and, in December 1998, granted defendant's motion to dismiss the indictment. The State appealed this order (188 Ill. 2d R. 604(a)(1)) and the appellate court reversed the judgment of the trial court and again remanded for retrial. 311 Ill. App. 3d 399.

We granted defendant's petition for leave to appeal in May 2000. The parties proceeded to brief the issue of whether defendant's right to due process would be violated if the State retried him on the murder charges without the missing evidence. On November 30, 2000, while briefing was still in progress, the circuit clerk of Vermilion County informed the parties that the missing evidence in question had been found. Defendant filed a motion for a stay of appeal and a limited remand to the circuit court for a review of the evidence and a determination of whether it was the same evidence used in the first trial. This court granted defendant's motion.

The trial court conducted hearings on several dates. It concluded that the evidence found by the clerk's office was, in fact, the evidence used at defendant's first trial. Defendant sought clarification of this court's mandate, and, following an order from this court clarifying its mandate, the circuit court held a second hearing concerning the evidence. The circuit court found that the

evidence was missing as early as June or July 1997. The court further found that the evidence was not in the possession or custody of the clerk's office during this time, either in the vault where it was eventually found or elsewhere within the clerk's office or space. The location of the evidence during this time, the identity of the person or persons who had custody of the evidence, and the circumstances surrounding its mysterious reappearance are unknown. The trial court specifically found that the sheriff's office was not responsible for the missing evidence. According to the trial court, the State knew of the missing evidence in June or July of 1997, during the first appeal, but did not disclose this fact to the court or defendant until September 1998, more than a year later. The court specifically made no determination of whether the evidence was in the same condition as it was at the time of trial.

Following the conclusion of the proceedings in the circuit court, defendant sought leave from this court to file a supplemental brief, which this court granted. In his supplemental brief, defendant argues that his right to a speedy trial would be violated if he were retried now after a period of more than three years.

## ANALYSIS

In light of the reappearance of the missing trial exhibits, we must address whether the original issue raised in defendant's appeal is moot. Defendant maintains that this court should decide how it would have ruled on the original issue of whether his due process rights were violated. Specifically, defendant argues that this court should consider the original issue as part of the speedy-trial issue raised in the supplemental brief. That is, defendant contends that this court must determine whether it was reasonable for him to have failed to file a speedy-trial demand. In making this determination, this court should decide how it would have ruled on the

original due process issue. The State counters that any consideration of the original due process issue is inappropriate since the evidence has been located, rendering the original due process issue moot.

We agree with the State and find that the original issue in this case is clearly moot. A question is said to be moot when it presents or involves no actual controversy, interests or rights, or where the issues involved have ceased to exist. *Chicago City Bank & Trust Co. v. Board of Education of the City of Chicago*, 386 Ill. 508 (1944); see *Hill v. Murphy*, 14 Ill. App. 3d 668 (1973) (the function of the courts is to decide controverted issues in adversary proceedings; moot cases which do not present live issues are not ordinarily entertained). Courts of review will generally not consider moot or abstract questions because our jurisdiction is restricted to cases which present an actual controversy. *Steinbrecher v. Steinbrecher*, 197 Ill. 2d 514, 522-23 (2001). When a reviewing court has notice that substantial questions involved in the trial court no longer exist, it will dismiss the appeal. *People v. Redlich*, 402 Ill. 270 (1949).

Here, defendant filed a petition for leave to appeal from the appellate court's reversal of the trial court's dismissal of the murder charges against him. The issue on appeal was whether the trial court incorrectly ruled that a retrial without the missing exhibits violated defendant's due process rights. Before oral arguments on the due process issue, the missing trial exhibits were found. Once the exhibits were found, we stayed defendant's due process appeal and remanded this cause back to the trial court for a hearing to determine the status of the missing evidence and any pertinent findings regarding the disappearance and reappearance. The trial court determined that the exhibits were, in fact, those that were used in defendant's first trial. Because the trial exhibits have resurfaced, we need not determine how we

would have ruled on the original due process issue when the exhibits were missing. The issue has been rendered moot by the reappearance of the missing trial exhibits.

Defendant further urges this court to vacate the appellate court's judgment and affirm the trial court's dismissal of the murder charges against him on the basis of a violation of his constitutional right to a speedy trial. He argues that if the entire course of events following defendant's filing of the motion to dismiss are attributable to the State, then retrial has been delayed in violation of defendant's right to a speedy trial. He urges this court to apply a four-part balancing test to make this determination, including a consideration of (1) length of delay; (2) reason for delay; (3) prejudice to defendant; (4) defendant's assertion of his rights. *Barker v. Wingo*, 407 U.S. 514, 33 L. Ed. 2d 101, 92 S. Ct. 2182 (1972); *People v. Crane*, 195 Ill. 2d 42 (2001). He notes that three years and three months have elapsed since the trial court dismissed the first degree murder charges against defendant. Defendant maintains that this is a delay of such magnitude that this court should recognize it as presumptively prejudicial so as to trigger a speedy-trial analysis. Defendant further maintains that it would be in the interest of judicial economy for this court to address the speedy-trial issue in this case rather than remand it to the trial court to rule on the issues first.

The State counters that this court lacks jurisdiction to review the speedy-trial issue. The State contends that jurisdiction in this matter is conferred by Supreme Court Rule 604(a), which permits appeals by the State from orders dismissing a charge, and Supreme Court Rule 315, which provides for petitions for leave to appeal. The sole issue on appeal, the State notes, was the propriety of the trial court's ruling that defendant's due process rights would be violated if he were retried without the missing trial exhibits. The State contends that the due process is-

sue is the only one that is properly before this court on appeal from the appellate court's reversal of the trial court's order, not the speedy-trial issue raised in the supplemental brief. Because there was no order from the trial court, final or otherwise, with regard to a speedy-trial violation, the State argues that it is improper for this court to consider that issue.

We conclude that we need not address the State's jurisdiction argument because, given the unique procedural history of this case, the record before us is inadequately developed. This issue has never been raised in the trial court. Following the reappearance of the missing evidence, the trial court made certain findings. Specifically, the trial court determined that the missing evidence is the same evidence used in defendant's first trial, the clerk's office was not in possession of the evidence, the evidence was missing as early as June or July 1997, the sheriff's office was not responsible for the missing evidence, and the State knew that the evidence was missing in June or July 1997. These were the only findings that the trial court made. The location of the evidence, during its mysterious disappearance, has yet to be determined. The identity of the person or persons who had custody of the evidence and the circumstances surrounding its sudden reappearance are unknown. Further, the condition of the evidence is unclear. We believe that the trial court is in the best position to make these, and any other determinations, necessary for the resolution of the speedy-trial issue. Consequently, we decline to review the speedy-trial issue based on limited information and an undeveloped record.

For the foregoing reasons, defendant's appeal is dismissed and the cause is remanded to the trial court for further proceedings.

*Appeal dismissed.*