819 N.E.2d 1261 (2004)
353 Ill. App.3d 784
289 Ill.Dec. 461
The PEOPLE of the State of Illinois, Plaintiff-Appellee,
v.
Bernina MATA, Defendant-Appellant.
No. 2-03-0446.
Appellate Court of Illinois, Second District.
December 9, 2004.
*1262 Charles M. Schiedel, Deputy Defender (Court-appointed), Office of the State Appellate Defender, Springfield, Alan Raphael (Court-appointed), Loyola University Chicago School of Law, Chicago, for Bernina Mata.
James P. Hursh, Boone County State's Attorney, Belvidere, Lisa Madigan, Attorney General, Gary S. Feinerman, Solicitor General, Colleen M. Griffin, Assistant Attorney General, Chicago, for the People.
Andrea D. Lyon, DePaul College of Law, Jack P. Rimland, Law Office of Jack P. Rimland, Chicago, for Illinois Association of Criminal Defense Attorneys.
Jeffrey M. Howard, Assistant Public Defender (Court-appointed), Chicago, for Public Defender of Cook County.
Justice GILLERAN JOHNSON delivered the opinion of the court:
Following a jury trial, the defendant, Bernina Mata, was convicted of first degree murder. The same jury found the defendant eligible for the death penalty and determined there were no mitigating factors sufficient to preclude the imposition of that sentence. Subsequently, the trial court sentenced the defendant to death. The defendant directly appealed to the Illinois Supreme Court, raising nine various contentions. On January 11, 2003, former Governor George Ryan commuted the defendant's death sentence to a term of natural life imprisonment without the possibility of parole.
Upon her appeal being transferred to this court, the defendant filed a motion requesting to withdraw eight of her contentions. We grant this motion. The defendant's sole remaining contention is that she is entitled to a new sentencing hearing *1263 because the State failed to prove beyond a reasonable doubt that she committed the murder in a cold, calculated, and premeditated manner. Because this is her only contention, we dismiss the appeal as moot.
An appellate issue is moot when it is abstract or presents no justiciable controversy. People v. Blaylock, 202 Ill.2d 319, 325, 269 Ill.Dec. 490, 781 N.E.2d 287 (2002). An issue can become moot if circumstances change during the pendency of an appeal that prevent the reviewing court from being able to render effectual relief. People v. Jackson, 199 Ill.2d 286, 294, 263 Ill.Dec. 819, 769 N.E.2d 21 (2002). It is well settled in Illinois that any and all issues raised concerning a defendant's commuted death sentence are moot. People v. Evans, 209 Ill.2d 194, 208, 283 Ill.Dec. 651, 808 N.E.2d 939 (2004); People v. Rissley, 206 Ill.2d 403, 463, 276 Ill.Dec. 821, 795 N.E.2d 174 (2003); People v. Watson, 347 Ill.App.3d 181, 186-87, 283 Ill.Dec. 23, 807 N.E.2d 628 (2004).
The Governor's power to pardon flows from both the United States and Illinois Constitutions. People ex rel. Johnson v. Murphy, 257 Ill. 564, 566, 100 N.E. 980 (1913). Specifically, our Illinois Constitution provides that "[t]he Governor may grant reprieves, commutations and pardons, after conviction, for all offenses on such terms as he thinks proper." Ill. Const. 1970, art. V, § 12. The pardoning power of the Governor cannot be controlled by acts of either the courts or the legislature. Watson, 347 Ill.App.3d at 186, 283 Ill.Dec. 23, 807 N.E.2d 628. The Governor's pardoning power can be controlled only by the Governor's conscience and sense of public duty. Watson, 347 Ill.App.3d at 186, 283 Ill.Dec. 23, 807 N.E.2d 628. Simply put, the Governor's pardoning power is essentially unreviewable. People ex rel. Madigan v. Snyder, 208 Ill.2d 457, 480, 281 Ill.Dec. 581, 804 N.E.2d 546 (2004); Watson, 347 Ill.App.3d at 186, 283 Ill.Dec. 23, 807 N.E.2d 628.
Our Illinois Supreme Court has explained the effect of a commutation on a petitioner as follows:
"The petitioner is in the penitentiary not by virtue of any sentence. The sentence was done away with by the commutation. The punishment he is now undergoing is by the command of the Governor * * *." Murphy, 257 Ill. at 566, 100 N.E. 980.
Under Illinois law, a commuted defendant is no longer imprisoned by virtue of any judicially imposed sentence. Murphy, 257 Ill. at 566, 100 N.E. 980; Watson, 347 Ill.App.3d at 186, 283 Ill.Dec. 23, 807 N.E.2d 628. Once the Governor commutes a defendant's sentence, the punishment the defendant serves is by command of the Governor. Murphy, 257 Ill. at 566, 100 N.E. 980; Watson, 347 Ill.App.3d at 186, 283 Ill.Dec. 23, 807 N.E.2d 628. In other words, a commutation removes the judicially imposed sentence and replaces it with a lesser, executively imposed sentence. Evans, 209 Ill.2d at 208, 283 Ill.Dec. 651, 808 N.E.2d 939; People v. Rissley, 206 Ill.2d 403, 463, 276 Ill.Dec. 821, 795 N.E.2d 174 (2003). Such an executively imposed sentence is not reviewable by the courts. Evans, 209 Ill.2d at 208, 283 Ill.Dec. 651, 808 N.E.2d 939; Watson, 347 Ill.App.3d at 186-87, 283 Ill.Dec. 23, 807 N.E.2d 628. Indeed, the judiciary may not infringe upon the Governor's commutation power by reviewing his decision to commute a defendant's sentence. People ex rel. Smith v. Jenkins, 325 Ill. 372, 374, 156 N.E. 290 (1927).
In this case, former Governor Ryan commuted the defendant's sentence of death to one of life imprisonment without parole. This executively imposed sentence is unreviewable by this court. Because *1264 the defendant's sole contention concerns the propriety of her sentence, the defendant's appeal is moot. We must therefore dismiss the appeal.
The special concurrence describes the majority analysis as limited because it does not relate the fact that the defendant requested a commutation. It does not relate this fact because, although the State claims in its brief that the defendant applied for a commutation, this fact is not supported by the record. On January 10, 2003, Governor Ryan announced that he was granting "blanket clemency" to all inmates who had been sentenced to death. People ex rel. Madigan v. Snyder, 208 Ill.2d 457, 462, 281 Ill.Dec. 581, 804 N.E.2d 546 (2004). Governor Ryan commuted the sentences of more than 160 inmates, including those who had not sought commutations. Snyder, 208 Ill.2d at 463, 281 Ill.Dec. 581, 804 N.E.2d 546. The special concurrence's assumption that the defendant requested a commutation is improper. It is very well possible that the defendant received a commutation without having requested one.
Nevertheless, whether or not the defendant requested a commutation, her appeal is still moot because her sentence is now an executively imposed sentence. Evans, 209 Ill.2d at 208, 283 Ill.Dec. 651, 808 N.E.2d 939; Rissley, 206 Ill.2d at 463, 276 Ill.Dec. 821, 795 N.E.2d 174. The facts in Evans and Rissley were very similar to the case at hand. Like the defendant here, the defendants in both Evans and Rissley received commuted sentences of life imprisonment when Governor Ryan granted his "blanket clemency." Evans, 209 Ill.2d at 208, 283 Ill.Dec. 651, 808 N.E.2d 939; Rissley, 206 Ill.2d at 463, 276 Ill.Dec. 821, 795 N.E.2d 174. It is unclear whether the defendants in those cases had actually applied for commutations. Evans, 209 Ill.2d at 208, 283 Ill.Dec. 651, 808 N.E.2d 939; Rissley, 206 Ill.2d at 409, 276 Ill.Dec. 821, 795 N.E.2d 174. Like the instant defendant, the Evans and Rissley defendants may have been granted commutations without having requested them. On appeal, the defendants raised challenges concerning their sentences. Evans, 209 Ill.2d at 208, 283 Ill.Dec. 651, 808 N.E.2d 939; Rissley, 206 Ill.2d at 463, 276 Ill.Dec. 821, 795 N.E.2d 174.
The supreme court found those challenges to be moot. Evans, 209 Ill.2d at 208, 283 Ill.Dec. 651, 808 N.E.2d 939; Rissley, 206 Ill.2d at 463, 276 Ill.Dec. 821, 795 N.E.2d 174. The reasoning of the supreme court in Evans and Rissley was simple and succinct. Evans, 209 Ill.2d at 208, 283 Ill.Dec. 651, 808 N.E.2d 939; Rissley, 206 Ill.2d at 463, 276 Ill.Dec. 821, 795 N.E.2d 174. A commutation removes a judicially imposed sentence and replaces it with a lesser, executively imposed sentence. Evans, 209 Ill.2d at 208, 283 Ill.Dec. 651, 808 N.E.2d 939; Rissley, 206 Ill.2d at 463, 276 Ill.Dec. 821, 795 N.E.2d 174. As such, a commutation renders a defendant's sentencing challenges moot. Evans, 209 Ill.2d at 208, 283 Ill.Dec. 651, 808 N.E.2d 939; Rissley, 206 Ill.2d at 463, 276 Ill.Dec. 821, 795 N.E.2d 174. The supreme court placed no emphasis on whether the Evans and Rissley defendants applied for the commutations that they were granted. Evans, 209 Ill.2d at 208, 283 Ill.Dec. 651, 808 N.E.2d 939; Rissley, 206 Ill.2d at 463, 276 Ill.Dec. 821, 795 N.E.2d 174. The analysis employed by our supreme court is sound.
The special concurrence ignores and rejects the reasoning of the lllinois Supreme Court, instead advancing its own estoppel theory, which it gratuitously supports with a passage from the poet Robert Frost and a civil case not pertinent to a criminal defendant charged with murder. In doing so, the special *1265 concurrence ignores stare decisis, a long-standing principle of American jurisprudence. Briefly stated, stare decisis is the policy of the court to stand by precedent. See People v. Mitchell, 189 Ill.2d 312, 363, 245 Ill.Dec. 1, 727 N.E.2d 254 (2000) (Freeman, J., dissenting, joined by Harrison, C.J., and McMorrow, J.). The "law by which men are governed should be fixed, definite, and known, and that, when the law is declared by [a] court of competent jurisdiction authorized to construe it, such declaration, in absence of palpable mistake or error, is itself evidence of the law until changed by competent authority." Booth v. Sims, 193 W.Va. 323, 350 n. 14, 456 S.E.2d 167, 194 n. 14 (1994) (Miller, J., dissenting and concurring).
For the foregoing reasons, we dismiss the appeal.
Appeal dismissed.
Justice McLAREN, specially concurring:
I specially concur because I believe that the majority opinion, although correct in its limited analysis, does not address the most fair and correct basis upon which to dismiss the appeal as moot.
The majority fails to relate that, according to an uncontroverted statement made by the State, the defendant sought relief in the form of a petition directed to Governor George Ryan as head of the executive branch of government of this State. The Governor granted the petition, and the defendant accepted the commutation of her death sentence. Having accepted the benefits of her request, she has altered the relationship that she had with the State of Illinois. Previously, she was a criminal defendant, subject to the punishment of the criminal justice system. She was also entitled to procedural and substantive due process as a defendant in this system. However, she chose to alter her relationship with the State of Illinois by seeking relief through the executive branch rather than through the judicial branch. Having sought and received relief from the executive branch, she should be estopped from seeking relief from the judicial branch. See Barack Ferrazzano Kirschbaum Perlman & Nagelberg v. Loffredi, 342 Ill.App.3d 453, 460, 277 Ill.Dec. 111, 795 N.E.2d 779 (2003) (for the basic premise of precluding inconsistent positions in legal or quasi-judicial proceedings to prevent parties from deliberately shifting positions to suit the exigencies of the moment). The appellate court in Watson related facts that supported the application of estoppel, without specifically enunciating the principle. See Watson, 347 Ill.App.3d at 192, 283 Ill.Dec. 23, 807 N.E.2d 628, quoting Sattazahn v. Pennsylvania, 537 U.S. 101, 116, 123 S.Ct. 732, 742, 154 L.Ed.2d 588, 602 (2003) ("If defendant was deprived of any due process interest in having this issue reviewed, it was `only by operation of the "process" he invoked to invalidate' his death sentence").
The majority relates that this special concurrence assumes a fact that is not contained in the record; however, the majority then relates that Governor Ryan commuted all death sentences to life imprisonment, without citing to the record for support. Regardless of what is not contained in the record, I submit that the majority's statement regarding what Governor Ryan did fails to establish that this defendant did or did not seek the commutation simply because Governor Ryan may have given relief to others who did not request it. The majority cites to Evans and Rissley as a refutation of my analysis regarding an estoppel. The majority has improperly concluded that absence of evidence is evidence of absence. It is precisely because the other cases do not specifically set forth whether or not the defendants sought relief that they are *1266 neither instructive nor controlling. I am not ignoring the supreme court's rulings, because the supreme court has not yet had occasion to definitively rule on the issue of whether a defendant who has not sought commutation of his sentence is preempted by the sua sponte action taken by Governor Ryan. Granting commutations sua sponte is unprecedented. It is therefore unremarkable that the issue addressed by this special concurrence has not been ruled upon previously by any other Illinois court of review.
By suggesting that I have ignored and rejected the reasoning of the supreme court, the majority fails to recognize that I agree with the majority's limited analysis. See Op. 289 Ill.Dec. at 464, 819 N.E.2d at 1264. Additionally, the majority fails to recognize what is actually precedential. The majority does not recognize that the supreme court's reasoning is not precedential and therefore should be ignored and rejected in situations where the detailed set of facts, as in this case, is not identical or similar.
"A judicial precedent attaches a specific legal consequence to a detailed set of facts in an adjudged case or judicial decision, which is then considered as furnishing the rule for the determination of a subsequent case involving identical or similar material facts and arising in the same court or a lower court in the judicial hierarchy." (Emphasis added.) Allegheny General Hospital v. National Labor Relations Board, 608 F.2d 965, 969-70 (3d Cir.1979), citing R. Aldisert, The Judicial Process, 314 (2d ed.1996).
It would appear that the majority would have written the same disposition even if the record had reflected that this defendant was one of the individuals who had not sought relief. The majority would conclude that prior case law had already considered the unprecedented acts of the Governor, despite the absence of any reference thereto, and would affirm with a summary order. Even Watson was aware of the issue of a possible estoppel arising when it related, "it was `only by operation of the "process" he invoked to invalidate' his death sentence" (Watson, 347 Ill.App.3d at 192, 283 Ill.Dec. 23, 807 N.E.2d 628, quoting Sattazahn, 537 U.S. at 116, 123 S.Ct. at 742, 154 L.Ed.2d at 602).
The majority emphasizes mootness based upon the supremacy of the executive branch's commutation. I submit that mootness arises from the precatory and underlying fact that defendant sought the relief granted by the executive branch. She chose one of two roads that diverged in a legalistic wood and is sorry she could not travel both, ... and that has made all the difference. See Robert Frost, The Road Not Taken (1915).
I, therefore, specially concur.
Justice BYRNE joins in this special concurrence.