JUSTICE McLAREN, specially concurring: The majority holding is as follows: “We hold that the trial court erred in permitting the defendants to withdraw their earlier rejection of the arbitration award.” 377 111. App. 3d at 790. I believe that the holding should be: We hold that the trial court erred in permitting the defendants to withdraw their earlier rejection of the arbitration award without allowing the plaintiffs to reject the award. I believe that the trial court had the inherent authority to allow a withdrawal of the rejection as an exercise of discretion. However, the trial court should then have allowed the plaintiffs to file a rejection within the time provided to reject the award (30 days), computed from the time of the entry of the order granting the withdrawal. I base this conclusion on the following quote taken from the majority: “In order to protect the constitutional right to a trial by jury, Rule 93 grants litigants who have been ordered to arbitration the right to reject the arbitrators’ award. Gershak v. Feign, 317 Ill. App. 3d 14, 25 (2000). Thus, no party that has participated in good faith in the arbitration can be forced to accept an arbitration award. Cf. 145 Ill. 2d R. 91 (permitting a trial court to debar a party from rejecting an arbitration award where the party did not attend or participate in the arbitration in good faith). A party wishing to reject an arbitration award must meet certain requirements, however. Pursuant to Rule 93(a), any party wishing to reject an arbitration award must file a notice of rejection within 30 days and must pay a fee unless the fee is waived by the court on the basis of indigence. 166 Ill. 2d Rs. 93(a), (c). If one party files a notice of rejection, any other party wishing to reject the award may rely on that notice and need not file his or her own notice of rejection. 166 Ill. 2d 93(a). As we note, no party participating in good faith may be forced to accept an arbitration award. The trial court’s actions here — denying the plaintiffs the opportunity to file their own rejection of the award while permitting the defendants to vacate their earlier rejection of the arbitration award — had the effect of forcing the plaintiffs to accept the arbitration award and were improper on that basis alone. 166 Ill. 2d R. 93(a); Gershak, 317 Ill. App. 3d at 25.” 377 Ill. App. 3d at 791. The purpose of mandatory arbitration is to provide a “vehicle for an early, economical and fair resolution of monetary disputes.” 134 Ill. 2d R. 86, Introductory Comments, at 87; see also Akpan v. Sharma, 293 Ill. App. 3d 100, 102 (1997). I fail to see how prohibiting a party from withdrawing a rejection fosters this policy. Under the majority’s holding, a vehicle for an early, economical, and fair resolution of monetary disputes could be thwarted or hindered. Parties would be required to litigate a suit despite the fact that there was no objection to the withdrawal of the rejection. See Avery v. Sabbia, 301 Ill. App. 3d 839, 842-43 (1998). There are other scenarios where the facts, circumstances, and equities of the case may entitle the movant to withdraw the rejection of the award. So long as the trial court allows any other party that did not reject the award the opportunity to reject the award, the rights of all parties will be protected and there will be a vehicle for an early, economical, and fair resolution of monetary disputes. The majority determines that there is no rule allowing for the withdrawal of a rejection. The majority concludes that the absence of a declaration of intent regarding withdrawal requires the conclusion that the legislature and the supreme court did not intend to allow the withdrawal of a rejection. I submit that the absence of any mention of withdrawal of a rejection is not a clear indication of an intent to prohibit such a withdrawal. I submit that the issue is not mentioned because no legislation or rule can cover all possible circumstances that could unfold during the process of resolving disputes. I submit that nothing suggests that the legislature and the supreme court concluded that rejections cannot be withdrawn under any circumstance, as the majority has held. Absence of evidence is not necessarily evidence of absence. People v. Mata, 353 Ill. App. 3d 784, 788 (2004). Simply put, the majority cannot cite to a section, sentence, or phrase that addresses the issue of withdrawal of a rejection.[1] The purpose behind a rejection is to allow a party the right to a trial. Analogically, if a party files a jury demand and later determines that he desires to waive the right, he is allowed to do so, provided that other parties that did not file a demand are given the opportunity to do so. See 735 ILCS 5/2 — 1105 (West 2006). There is similar language in Rule 93(a): “The filing of a single rejection shall be sufficient to enable all parties *** to proceed to trial on all issues.” 166 Ill. 2d R. 93(a). The majority states, “If one party files a notice of rejection, any other party wishing to reject the award may rely on that notice and need not file his or her own notice of rejection.” 377 Ill. App. 3d 791. I submit that the same logic applies with jury demands. If one party files a jury demand, any other party wishing to file a jury demand may rely on the filed demand and need not file his own. This parallel language is consistent with the belief that, if a jury demand is withdrawn, the other parties have a right to file a demand. Likewise, were a party allowed to withdraw its rejection of an arbitration award, the other parties should be given the option to file a rejection. This interpretation is implicit in Rule 93(a). The majority cites to Avery, 301 Ill. App. 3d 839, and concludes that the trial court’s allowance of a withdrawal of a rejection without objection from any party is more in the nature of a settlement acceptable to both parties. Regardless of its nature, it was not determined to be beyond the authority of the court. The majority finds clarity in a vacuum and then determines that rejections cannot be withdrawn. The majority has also implicitly determined that the trial court does not have the authority to allow or disallow rejections for reasons that are not set forth in the rule. See Gershak v. Feign, 317 Ill. App. 3d 14, 19 (2000) (failure to comply with supreme court rule regarding signature by an attorney did not abrogate the rejection of the award, affirming the trial court’s determination of validity of the rejection). The trial court should be allowed to resolve ambiguities by interpretation of intent rather than negative inference and presumption. The majority’s view of interpreting the rules as tinkering with them is problematic. Were we to conclude that a rule does not provide for an interpretation merely because an issue or term is not included in the rule, then we would not be determining the intent of the supreme court. On the contrary, we would be determining that anything that the court did not explicitly consider or address is prohibited. Sometimes, this fosters the purpose behind the rule. Sometimes, it does not. In this case, it does not. In any event, it does not correctly determine the intent of the enactors. he majority mentions that Rule 93(a) is designed to protect the right to a jury trial. 377 111. App. 3d at 791. However, the term “jury” is not contained in the rule. It would seem the rule does require interpretation to include that which is not specified in the rule.